1829.
_____
Durell
v.
Haley.

---

\*DURELL AND OTHERS *v.* HALEY AND TURNER.                    [\*492]

If a purchaser who is insolvent, concealing his insolvency from the vendor, obtains goods from him without intending to pay for them, it is a fraud upon the vendor, and the property in the goods will not be changed.

But if the goods have been resold by the fraudulent vendee to a *bona fide* purchaser who has actually paid for the same without notice of the fraud, such purchaser will be protected.

Where an insolvent confessed a judgment to his friend, on which an execution immediately issued, and then purchased goods for the purpose of subjecting them to the execution, it was held to be a fraud upon the vendor and the judgment creditor was not permitted to retain the goods, which had been purchased in by him upon his execution.

THE parties to this suit all reside in the city of New York. On the 7th of August, 1826, the defendant Haley finding himself insolvent, gave to Turner a judgment bond to secure a real or pretended debt of $3,000, on which a judgment was immediately entered and an execution issued to the sheriff of New York. Turner took possession of Haley's store and the goods on hand. On the 8th and 9th of August, Haley purchased other goods of the complainants and took them to his store; upon which the sheriff then levied the execution in favor of Turner, who purchased in the goods for himself at a sale under the execution. The complainants thereupon filed their bill to set aside the sale of the goods, and to have them returned, upon the ground that they had been fraudulently obtained.

June 15th.

1829.

Durell
v.
Haley.

*D. Selden*, for the complainants:—The purchase of the goods in question by the defendant Haley from the complainants, without notice to them of the judgment and execution against him, was fraudulent and void, and did not vest the property in the purchaser. It has been held that where a debtor purchases goods with intent to subject them to an execution against him, the sale will be deemed fraudulent. (*Van Cleef* v. *Fleet*, 15 John. 147.) So where a person buys goods with the intention of making them the property of another, without disclosing his intention to the seller, such sale would be fraud upon the seller. There was evidently in *this case a fraudulent combination between the two defendants to cheat the complainants. It is a settled rule that a sale is void where the purchaser, is insolvent, if the fact be not at the time communicated to the seller. *Cross* v. *Peters*, 1 Greenleaf, 376 ; 2 Kent's Com. 404.)

[*493]

*S. B. H. Judah*, for the defendants, contended that there was no collusion or combination shown between the two defendants ; that Turner was a *bona fide* creditor of Haley, and having the legal right, was entitled to a priority in payment.

THE CHANCELLOR :—This is a clear and palpable case of fraud. It is not very material to inquire whether the judgment bond was given for a real debt or one which was entirely fictitious. If the cause turned on that question I should be inclined to believe the whole transaction was fraudulent from the beginning. But the purchase of the goods was a gross fraud, so that the title to them was not changed. Haley knew he was insolvent and unable to pay for these goods, and unquestionably purchased them with a view to subject them to the execution which had been previously issued ; and to induce the complainants to sell, he paid up a small sum due upon his antecedent purchases. If a purchaser who is insolvent conceals that fact from the

vendor, and thus obtains goods without intending to pay for them, it is a fraud, and the property is not changed in the hands of the vendee :[1] but the goods would be protected in the hands of a *bona fide* purchaser from the fraudulent vendee, if he had purchased and paid for the same without notice of the fraud.[2] In *Sinclair* v. *Stevenson*, (10 Moore's R. 53,) Best, Ch. J., says if a person orders goods to be sent to him at night, and early the next morning commits an act of bankruptcy, he must be taken to have obtained possession of them by artifice or fraud. The case of *Van Cleef* v. *Fleet*, (15 John. Rep. 147,) is directly in point to show that the property was not liable to the execution of Turner. I have no doubt he was well acquainted with the fraud; but certainly he cannot be considered a *bona fide* purchaser, as he had enough at least to put him on *inquiry. There must be a decree that the goods be restored to the complainants, and that the defendants pay the costs of this suit. I shall also direct that the copies of the pleadings and proofs be delivered to the District Attorney of New York, that he may lay the case before the proper tribunal, to inquire whether the defendant Haley is not liable to be punished for obtaining these goods by false pretences.

---

[1] *Cary* v. *Hotaling*, Hill, (N Y.,) 311; *Lloyd* v. *Brewster*, 4 Paige, 537; *Root* v. *French*, 13 Wen. 570; *Ash* v. *Putnam*, 1 Hill, (N. Y.,) 302; *Whitney* v. *Allaire*, 4 Denio, 554; *Olmstead* v. *Hotaling*, 1 Hill, (N. Y.,) 317.

[2] *Ash* v. *Putnam*, 1 Hill, (N. Y.,) 302; *Root* v. *French*, 13 Wen. 570.

