Gray, J.
 

 The first question presented is, upon the sufficiency of the demurrer. It is objected, that it does not distinctly specify the grounds of objection to the complaint. By the law in force when the demurrer was interposed, a defendant was authorized to demur, when either of six grounds of demurrer enumerated existed,
 
 *336
 
 and it was requisite, that the demurrer should distinctly specify the grounds of objection upon which it rested. The ground here specified is one of the six enumerated, viz., that the complaint does not state facts sufficient to constitute a cause of action. This, though general, is a compliance with 'the law, and fairly raises the question as to the sufficiency of the facts stated in the complaint.
 
 [2]
 

 The facts stated and conceded by the demurrer are': that in February 1843, the defendant purchased the appellant’s farm, agreeing to pay him therefor “ $1000 or thereabouts,” in part payment of which, he assumed and agreed to pay a mortgage given by the appellant, in March 1839, for $680 and interest, by which the farm ■ was then incumbered. That the appellant gave the respondent a deed for the farm, covenanting that the premises were “ free and clear of all incumbrancesthat by mistake, no mention was made of the mortgage, and it was not, therefore, excepted from the covenant in the ^ee<^
 
 ’
 
 ^&t ^le respondent omitted *to pay the mortgage, but permitted it to be foreclosed, and his title to the premises thereby extinguished, and that the suit brought by him for the breach of the covenant in the deed, rests entirely upon the fact of the existence- and foreclosure of the mortgage, which he agreed to pay, and which, by mere mistake, was not excepted from the covenants in the appellant’s deed to him.
 

 That there was a clear mistake in the covenant in the deed, and that it has resulted in a suit which ought not to have been brought, is manifest. The respondent, however, insists, that it is not shown by the complaint, that he was entitled to recover in his suit, upon the covenant, not having suffered an eviction, or paid any part of the consideration for the premises; and that if he was entitled to recover, it was, at most, but nominal damages, and
 
 *337
 
 that, in either case, the appellant was not entitled to the relief demanded.
 

 The appellant covenanted that the farm was free and ' clear from all incumbrances; an eviction was, therefore, unnecessary to the right of the respondent to maintain his suit. (4 Kent 471.) Nor is it necessary that it should appear,, that the covenantee had actually paid any part of the consideration, in order to entitle him to recover. If the farm was incumbered, and the covenant broken, the right of action existed, although the recovery in such case would be nominal. But it is insisted, and so the court below seems to have held, that the complaint in this suit does not show that any consideration was expressed in the deed, or paid, and hence, that none but nominal damages could have been recovered; and for that reason, the relief demanded ought not to have been granted. The complaint, it is true, does not show whether or not any consideration was expressed in the deed, nor how much has been paid toward the consideration agreed to be given. If we were to adopt the very liberal rule of construction, which the appellant’s counsel insists the code enjoins, and from the premises stated, arrive at a conclusion as to the amount of consideration expressed in the deed, or paid, we should find *great difficulty in arriving at a satisfactory re-suit. The complaint does not state the amount agreed to be paid; it was “ $1000 or thereabouts.” The amount of the mortgage and interest was deducted from the purchase-price, but whether the balance was then paid or not, does not appear; nor does it appear, whether the farm, upon the mortgage-sale, brought enough to pay the mortgage and interest, or for what sum it was sold..
 

 It is unnecessary, however, in the view I take of the case, to determine what was the precise recovery to which-the respondent was entitled. The only question here presented is, has the mistake resulted, or is it about to result, in such an injury to the appellant as to entitle
 
 *338
 
 him to tbe relief demanded ? If no consideration was expressed in tbe deed, tbe true consideration may be proved by parol. That a portion of tbe consideration, and not a mere nominal portion, has been paid, is beyond a doubt. The farm was the respondent’s property ; by the deed, he became seised in fee. It was sold . to pay the mortgage covenanted against; it is , immaterial, whether it was sold by him to raise funds to pay the mortgage, or by virtue of the mortgage, if the avails went to pay the mortgage which the appellant covenanted did not exist. In either case, the respondent made payment upon the mortgage, as much as if he had paid it with the avails of other property. This farm was worth, as the parties agree, $1000, and the presumption, without proof, is not to be indulged in, that it was sold for a mere nominal amount. We cannot, it is true, arrive at the amount, with legal certainty; it is, however, sufficient, that everjr presumption is in favor of the inference that it was sold for something approaching its value.
 

 The objection that a nominal recovery only could be had upon the covenant, comes with ill grace from the respondent, who, if it be true, has not only taken advantage of a conceded mistake, and prosecuted his suit upon the covenant, in bad faith, but has evinced a disposition to harass the appellant by a suit, which he now insists must result in a nominal recovery *at the expense to him, as well of his own costs, as of those of the appellant.
 

 The second ground of demurrer, which is substantially that there is another action pending between the same parties, for the same cause, is not in accordance with the fact; the other cause pending is for the recovery of money, this is for a reformation of the covenant sued upon. There is no good reason why the mistake in the covenant should not be made available as a defence at law; before the change in our judicial
 
 *339
 
 system, we were not without authority for admitting such a defence at law. (3 Starkie, 3d Am. ed., 1818, note.) But the clear weight of authority must be conceded to be the other way, and against the admissibility of such evidence, except in a court of equity. If a bill had been filed in a court of equity, to compel the specific performance of a covenant, a mistake in reducing the agreement to writing might have been interposed, as a shield against being compelled to perform it. It is difficult to discover any good reason why the same defence should not be admitted at law, in a suit brought to compel the payment of money due upon the covenant; each suit is brought to compel the performance of the covenant. The question of mistake is one of fact simply, and as conveniently tried in the one court as the other. By the recent changes in our judicial system, the same court that now administers law, administers equity also; the reason, therefore,‘if any ever existed, no longer exists, for excluding such a defence to a suit, whether brought to compel the performance of a covenant by conveying land, or by paying money.
 

 But the affirmative relief here sought, could not have been attained, by the admission of such a defence; an appropriate action and complaint for that purpose were necessary.
 
 (Pattison
 
 v.
 
 Hull,
 
 9 Cow. 747;
 
 Carnochan
 
 v.
 
 Christie,
 
 11 Wheat. 446.) I am, therefore, of opinion, for the reasons stated, that the judgment of the supreme court at general term should be reversed, and that of the special term affirmed.
 

 [2]
 

 Such general demurrer does not reach the question of the plaintiff’s right to sue. Fulton Fire Insurance Co.
 
 v.
 
 Baldwin, 37 N. Y. 648; People
 
 v.
 
 Crooks, 53 Ibid. 648.