Hayes *v.* Reese.

————————•◦•————————

HAYES *vs.* REESE and others.

The interest of a partner in the partnership property, consists in his ratable proportion of the assets of the copartnership, after the payment of all its debts. In a suit in equity, for a settlement of the copartnership affairs, no decree can rightfully be made for the payment by one partner of any sum to another, except upon this basis.

A decree, upon a final accounting between partners, directing one to pay an ascertained balance to another, assumes that the sum so decreed has been duly ascertained to be due to such partner upon a full settlement of the partnership accounts, and after payment of all the partnership debts.

The character, description and amount of the partnership debts is a subject within the necessary and legitimate scope of the litigation which results in the recovery of a judgment by one partner against another, in such an action.

And if the partner against whom such judgment is recovered is subsequently compelled by legal process to pay partnership debts, to an amount equal to the sum remaining unpaid upon the judgment, this will not entitle him to maintain an action against his former copartners to have the amount of such partnership debts so paid by him ascertained, and for a decree directing that such amount be allowed to him as payment upon the judgment.

His only remedy, it seems, is by a bill of review, or a supplemental bill in the nature of a bill of review.

APPEAL from a judgment entered at a special term, upon demurrer to the 1st and 3d answers of the defendant David Reese. The complaint alleged that on the 18th day of June, 1850, the plaintiff and the defendants, except David Reese,

together with Michael Williams and John H. Ashley, entered into copartnership together as rail road contractors, and continued together as such until June 17, 1851, when said copartnership was dissolved, and a copartnership was then formed and the copartnership business was continued by the plaintiff and said defendants, except David Reese, until about January 19th, 1853. That on or about the 24th day of April, 1852, said Michael Williams commenced an action against the plaintiff and defendants, his copartners in the first firm, except David Reese and said John H. Ashley, for an accounting between said copartners, and while said action was pending, and on or about the 19th day of January, 1853, said John Reese commenced an action in the supreme court against the plaintiff and said Orville B. Eaton and Heman Miller, for an accounting between said copartners from June 17th, 1851. That both actions were referred to the same referee and tried together, and that the proofs were closed and the causes submitted on the 16th day of September, 1854. That the referee made his report in both actions on the 8th day of March, 1856, and on the 18th day of March, 1856, judgments were entered upon the reports of said referee against the plaintiff as follows: In the first named action, in favor of said John Reese for $1777.14 debt, and $168.25 costs; in favor of said Eaton for $1786.52 debt, and $24 costs; and in favor of said Miller for $1871.93 debt. In the second named action, in favor of said John Reese for $406.23 debt, and $162.61 costs; in favor of said Miller for $1031.62 debt; and in favor of said Eaton for $553.52 debt. That all of said judgments were rendered for the defendants' share of the copartnership profits decided to be in the hands of the plaintiff; that said referee also decided that said Ashley had abandoned the contract, and forfeited all right to any share of the profits. The plaintiff further alleged, that at the time of said trials there was a large amount of debts owing by said copartnerships, but no provision was made for their payment, by the judgment, and no allowance was made to the plaintiff in any way

on account of such debts. The plaintiff further stated, that he appealed from said judgments to the general term of the supreme court and thence to the court of appeals; and that the judgments were affirmed in both courts; and he has paid to the defendants, to be applied pro rata on such judgments, the sum of $8000. That the money directed to be paid to the defendants, by said judgments, constituted the assets and profits of said copartnership, and the only assets; and the plaintiff since said trials has received no assets or profits of said firms, or either of them; and that the defendants, from the proceeds of said judgments, were in equity bound to pay the debts of said firms existing at the time of said trials. The plaintiff further alleged, that since said trials he has been compelled by legal process to pay and has paid all said copartnership debts, and that such debts thus paid by the plaintiff, together with interest upon the same, amount to as much as the balance owing by the plaintiff to the defendants on such judgments, and that such payments by the plaintiff are in equity payments upon said judgments. That no part of said copartnership debts were paid by the defendants, or either of them. That said Michael Williams died insolvent, leaving no property; and that said John H. Ashley and all the defendants except David Reese are utterly insolvent, and if the plaintiff is compelled to pay the balance owing on said judgments, he will be entirely without remedy. The plaintiff further alleged, that he had applied to the defendants to apply such payments upon said judgments, and they refused so to do. That the said judgments are fully secured by lien on real estate, and by sureties. The plaintiff further stated on information and belief derived since the commencement of this action, that said judgments had been assigned to the defendant David Reese by the other defendants, but at what time or upon what consideration, the plaintiff had no knowledge or information. Wherefore the plaintiff prayed, that by the judgment of this court it might be ascertained what was the amount of said copartnership debts which the plaintiff had paid since

said trials, and that such amount might be allowed as payment upon said judgments, and that the plaintiff might be allowed the costs of this action; and that upon the payment of any balance owing upon said judgments after such allowance, if any, such judgments be declared "satisfied," and ordered discharged of record; that the defendants and their attorneys might be enjoined from collecting the balance owing on said judgments or either of them, until the further order of the court, and for such other and further relief as the court might deem equitable.

The defendant Reese in his answer alleged, that in and by the complaints in each of the actions mentioned in the complaint, a full and final accounting between the parties thereto as members of the respective firms in said complaint mentioned was demanded, and that it was also demanded in and by said complaint that the partnership assets should be applied, in the first instance, to the payment of the copartnership debts, and the residue distributed amongst the parties to said several actions, on the foot of such accounting. That said Hayes appeared by his attorney and counsel in each of said actions, and the parties thereto proceeded to, and had, a full and final accounting in each of said actions, in accordance with the prayers of the complaint therein. That said actions were fully and fairly tried and several judgments against the said John Hayes were rendered therein, in favor of the said Reese, Eaton and Miller, for the sums in said complaint mentioned. Second. That he, the defendant, had not knowledge or information sufficient to form a belief as to whether there was a large, or any amount of debts owing by said copartnerships, at the time of the trials of said actions, or whether since said trials the plaintiff had been compelled by legal process to pay or had paid any or what amount of said alleged debts, or whether the amount by the plaintiff alleged to have been paid was equal to the balance due on said judgments, or as to whether the said Michael Williams died insolvent, leaving no property. Third. That

before the commencement of this action, the several judgments in favor of said defendants, Reese, Eaton and Miller, in said complaint mentioned, were for a valuable consideration assigned to the defendant Reese.

The plaintiff demurred to the first and third answers of the defendant Reese, for the reason that the facts stated in said answers, or either of them, did not constitute a defense to the action of the plaintiff.

The court, at special term, ordered that the plaintiff have judgment upon the demurrer, with leave to the defendant to amend on payment of costs, within twenty days. Whereupon the defendant Reese appealed.

*Sherman S. Rogers,* for the appellant.

*J. C. Cochrane,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. The interest of a partner in the partnership property consists in his ratable proportion of the assets of the copartnership after the payment of all its debts. In a suit in equity for a settlement of the copartnership affairs no decree can rightfully be made for the payment by one partner of any sum to another, except upon this basis. A decree, upon a final accounting between partners, that one shall pay an ascertained balance to another, assumes that the sum so decreed has been duly ascertained to be due to such partner upon a full settlement of the partnership accounts and after payment of all the partnership debts. Such is the necessary force of the judgments recovered against the plaintiff in this action, set out and described in his complaint. It is stated in the complaint that "all of said judgments were rendered for the defendant's share of the copartnership profits decided to be in the hands of the plaintiff." There could be no *profits* till the debts were paid, or at least the amount could not be ascertained and legally declared. The character, description and amount of the part-

nership debts was a subject, therefore, within the necessary and legitimate scope of the suits and controversies which resulted in the recovery of the judgments aforesaid, against the plaintiff. It is a fundamental rule that the judgment or decree of a court of competent jurisdiction is not only final as to the subject matter thereby determined, but also as to every other matter which the parties might have litigated as incident to or essentially connected with the subject matter of such litigation. This rule applies to every subject within the legitimate purview of the original action, both in respect to matters of claim and of defense. (*Le Guen* v. *Gouverneur*, 1 *John. Cas.* 436. *Embury* v. *Conner*, 3 *Comst.* 511, 522. *Haire* v. *Baker*, 1 *Seld.* 357. *Davis* v. *Tallcot*, 2 *Kernan*, 184.) The answer of the defendant Reese is therefore clearly sufficient, and presents a complete defense to this action. The remedy for the plaintiff in respect to the matters set up in this complaint, I think, can only be had by a bill of review, or supplemental bill in the nature of a bill of review. (*Lube's Eq. Plead.* 170, 182. 3 *Hoff. Ch. Pr.* 8. 2 *Barb. Ch. Pr.* 90.)

The judgment of the special term should therefore be reversed, and judgment be given for the defendants, upon the demurrer.

[MONROE GENERAL TERM, December 3, 1860. *Smith, Johnson* and *Knox*, Justices.]