Stoutenburgh *v.* Konkle.

ROBERT C. STOUTENBURGH, ELIHU DAY, and JOHN H. REOCK *vs.* JACOB D. KONKLE and others.

On a bill, filed by a judgment creditor against the debtor and other prior judgment creditors of the same debtor, alleging that the debt for which complainants' judgment was entered was fraudulently contracted by the debtor, in purchasing goods of complainant with intent to subject them to the lien of the execution of the defendant's relatives having claims against him, and claiming that complainant is entitled to have the articles so purchased specifically applied to the satisfaction of his judgment, it was *held*—

That complainant's case must rest upon the ground of fraud in the purchase of the articles from complainants which vitiated the contract, and prevented any change in the ownership of the chattels; and that to sustain the case upon this ground, the articles must have been purchased with the purpose of defrauding the complainant, or the credit must have been obtained by false and fraudulent representations of material facts calculated to mislead the complainant, and upon which he acted in the sale of the goods.

If the debtor purchased the goods of complainant with the fraudulent design of subjecting them to the executions of his near relations and other friends having claims against him, however just, it affords a clear case for equitable relief.

A purchaser gains no title, and acquires no right of retaining goods, if he obtain possession by gross fraud under color of purchase, whether on credit or otherwise.

When goods are sold for cash on delivery, if the purchaser, on delivery of

the goods and demand of payment, refuses to pay the purchase money, it is competent for the vendor at once to reclaim the goods, and seek the protection of a court of equity against judgment creditors of the vendee. In such a case no title passes. The condition of the sale is violated.

If an insolvent purchaser, concealing his insolvency from the vendor, procures goods without intending to pay for them, the property in the goods will not be changed.

When, however, the vendor does not disaffirm the contract and reclaim the goods as his own, but on the failure and absconding of the vendee, issues an attachment against him for the debt, and afterwards obtains judgment by confession against him, and seeks to enforce the judgment by claiming an equitable lien on the goods sold, that is an affirmance of the contract, and there is no principle on which the complainant is entitled to that relief against prior judgment creditors of the vendee when executions have been levied on the goods.

On filing the bill in this cause, a rule was granted that defendants show cause why an injunction should not issue according to the prayer thereof.

*Runyon,* for complainant, cited *Hilliard on Sales* 328, *ch.* 20.

*Linn,* for defendants, cited *State* v. *Vanderbilt,* 3 *Dutcher* 328.

THE CHANCELLOR. The complainants are dealers in household furnishing articles in the city of Newark. At the time of the transactions complained of, Jacob D. Konkle was lessee for years of the City Hotel in said city. Between the twenty-second day of March last and the nineteenth day of May, inclusive, they sold to said Konkle, one of the defendants, a bill of goods amounting to $2796.81. At the time the articles were furnished, Konkle was the occupant of the hotel, and the articles were purchased and used for the purpose of furnishing the house. The larger portion of the bill was sold for cash on delivery of the articles, the balance on a credit of three months. On the twenty-third day of July, Konkle gave three bonds with warrants of attorney to confess judgment; one to his mother-in-law, Mary

Pierson, conditioned for the payment of $1690.86, one to his father, John Konkle, conditioned for the payment of $1132, and one other to Ira C. Moore, conditioned for the payment of $710. The bonds are all made payable on demand. On the twenty-fourth day of July, judgments were entered upon the said bonds, executions thereon issued, and placed in the hands of the sheriff; the property of the defendant, including the articles purchased of the complainants, levied upon; the goods advertised for sale on the fifth of August, and the hotel closed. Immediately on the entry of the said judgments, Konkle absconded from the city of Newark, and concealed himself from his creditors. On the twenty-fifth of July, the complainants sued out a writ of attachment against Konkle, as an absconding debtor, for the amount of their claim, and caused the same to be served upon the goods and chattels levied upon by virtue of said executions. On the thirtieth of July, Konkle confessed a judgment to the complainants for $2431.88, the balance of their claim, $400 having been paid thereon. Upon the entry of the last named judgment, the attachment was discontinued, and an execution issued upon the judgment, and levied upon the said personal property of the defendant.

The bill charges that the goods were sold and delivered to Konkle, on the faith of false and fraudulent representations made by him, that he had $6000 in cash; that he owned a farm in the county of Warren, worth $12,000, which was subject to encumbrances amounting to $6000 only, and that he owned a span of horses worth $1000; that previous to confessing the said judgments he sold the horses, and at the time of confessing the first named three judgments, he conveyed the farm to his father for the alleged consideration of $7000, and that he now professes to be entirely without property, excepting that which is levied upon under said judgments; that the goods sold by the complainants are readily distinguishable from the other goods levied upon under said judgments, and that in equity the complainants have a lien upon them superior to the claim of the plaintiffs in the other

three judgments confessed by Konkle, and also superior to the claim of the landlord of the premises, in which the goods are, for rent claimed to be due by him, and who claims, by reason thereof, to have a lien upon the said goods.

The bill further charges, that the goods so levied upon will not, at sheriff's sale, bring enough to pay the amount of the said three judgments first confessed by Konkle, and that, in equity, the goods so sold by the complainants to Konkle, or so much thereof as may be necessary for that purpose, should be decreed to be delivered to them on account of their judgment, and that, by reason of fraud in the first named three judgments, those judgments should be postponed to the complainants' judgment, so far as may be necessary for the payment of any balance that may remain unsatisfied out of the goods sold by the complainants, by reason of the carrying away or disposing of any part thereof by the defendants.

The bill prays a discovery of the consideration of the three first named judgments; the object or design of confessing the same; whether it was not for the purpose of hindering, delaying, or defeating the claims of the complainants and other creditors of Konkle; and that the complainants may be decreed to have a priority in the payment of their judgment over the other judgments confessed by Konkle, and to have a lien, to be enforced under the direction of the court, upon the goods so sold by the complainants to Konkle for the balance due them for the purchase money of said goods prior to the lien of the said first three named judgments and executions, and prior to the claim of the landlord for rent; that the goods may be decreed to be delivered up to the complainants to satisfy the balance due them, and if there be not sufficient for that purpose, that the complainants may be decreed to have the deficiency satisfied, and paid out of the other goods levied upon, before the payment of the prior judgments; that the said three judgments may be set aside as fraudulent, and that an injunction may issue restraining the sheriff from proceeding to a sale of the goods

levied upon by virtue of the executions issued on said judgments, and also restraining the landlord from distraining upon said goods sold by complainants for rent due, or claimed to be due.

The bill is filed with two different aspects, and seeks corresponding remedies—

1. It charges fraud in the purchase of the articles, and in obtaining credit from the complainants by Konkle, by reason whereof the complainants claim to have a lien upon the articles thus purchased, and a right in equity to have them specifically appropriated to the payment of the purchase money.

2. It charges fraud in the confession of the judgments by Konkle in favor of other creditors, alleging that the said judgments were without consideration, and were confessed for the fraudulent purpose of hindering and delaying the complainants in the recovery of their debt.

It is evident, from the frame of the bill, that the first ground was principally relied upon, and that the second was introduced mainly for the purpose of discovery and as auxiliary to the main design, rather than as a distinct and substantive ground of relief. The charges of the bill, touching the second ground of complaint, were in themselves so general, so deficient in specific charges of fraud, as scarcely to warrant the granting of an injunction upon this ground. Since the granting of the rule to show cause, each of the defendants whose judgment is charged to be fraudulent has answered. By their answer, they disclose the consideration upon which the judgment is founded, deny all fraud, on their part, in the obtaining of said judgments, and all knowledge of any fraudulent purpose on the part of Konkle, by whom the judgment was confessed. On a careful examination of the answers, I see no ground to distrust their truth or fairness. It is clear, therefore, that no injunction can issue upon this ground. It must be assumed, in the consideration of the case, that the plaintiffs, in the judgments which are sought to be impeached by the bill, are *bona fide* creditors of

Konkle, that the judgments are founded upon good consideration, and that they were not confessed with any fraudulent intent or purpose.

The complainants' claim to an injunction must rest, therefore, upon the first and main ground disclosed in their bill, *viz.* that by reason of the fraud practised by Konkle in the purchase of the articles, and obtaining of the credit from the complainants, they are entitled to have the articles thus purchased specifically appropriated to the satisfaction of their judgment. This charge is quite independent of the charge of fraud in the confession of the judgments, and the relief, if granted, will be entirely irrespective of the *bona fides* or *mala fides* of those judgments on the part of the judgment creditors. That the complainants' counsel so regarded it is evident from the fact, that he claims priority not only over the lien of the judgments which are alleged to be fraudulent, but also over the claim of the landlord for rent, the *bona fides* of whose claim is not called in question.

It is not claimed that the vendor of *chattels* has any lien in equity upon the articles sold for the unpaid purchase money. That equitable lien exists only upon the sale of real estate. *Adams' Eq.* 126–7; 2 *Story's Eq.*; § 1222.

The case must rest exclusively upon the ground of fraud in the purchase of the articles from the complainants, which vitiated the contract and prevented any change in the ownership of the chattels. To sustain the case upon this ground, the articles must have been purchased with the purpose of defrauding the complainants, or the credit must have been obtained by false and fraudulent representations of material facts calculated to mislead the complainants, and upon which they acted in the sale of the goods. If Konkle purchased those goods of the complainants with the fraudulent design of subjecting them to the executions of his near relatives and other friends having claims against him, however just, it affords a clear case for equitable relief.

A purchaser gains no title, and acquires no right of retaining goods, if he obtain possession by gross fraud under

color of purchase, whether on credit or otherwise. *Chitty on Con.* 360; *Hilliard on Sales* 328.

A large proportion of these articles were sold for cash on delivery, and had the purchaser, on delivery of the goods and demand of payment, refused to pay the purchase money, it would have been competent for the complainants at once to have reclaimed the goods, and to have sought the protection of a court of equity against judgment creditors of the vendee. In such case no title passed. The condition of the sale would have been violated.

So if an insolvent purchaser, concealing his insolvency from the vendor, procures goods without intending to pay for them, the property in the goods will not be changed.

In *Durell* v. *Haley,* 1 *Paige* 492, where an insolvent confessed a judgment to his friend, and then purchased goods for the purpose of subjecting them to the execution, it was held to be a fraud upon the vendor, and the judgment creditor who had purchased the goods under the execution was not permitted to retain them.

It is sought to bring this case within the operation of these principles. But were these goods originally purchased with the design of defrauding the complainants, or of subjecting them to the execution of his friends who were his creditors? I think the circumstances under which this purchase was made forbid any such conclusion. In December, 1861, Konkle, being then a hotel keeper in Newton, leased the City Hotel in Newark for a term of years, and in March, 1862, he removed into it with his family, and commenced furnishing it for the business for which it was leased. The goods procured from the complainants were purchased and used for the purpose of furnishing the hotel. It is admitted, in the bill, that they were necessary for that purpose. It is apparent, moreover, that the goods purchased of the complainants, a schedule of which is annexed to the bill, constituted but a portion of the furniture of a first class hotel. A large additional amount of furniture must have been purchased or provided, and large additional expenses

incurred to furnish and provide the house for business as a hotel. It is incredible that the defendant should have removed his family to Newark, leased a large hotel, incurred heavy expenses in furnishing it, assumed the payment of a heavy rent, and engaged in a new and expensive business for the purpose of defrauding those of whom he purchased the goods. It seems far more probable that he entered upon an extensive and hazardous business without sufficient capital or business capacity, that he resorted to unjustifiable measures to obtain credit, and that his means proving inadequate, and the business unsuccessful, he attempted to save his immediate friends from the consequences of his failure. Whatever may have been the motives of his subsequent conduct, I think there is no reason furnished by the evidence, or suggested in the bill, for believing that the original purchase by Konkle of the complainants was made with the view of defrauding them, or of subjecting the property purchased to the judgments of his friends.

Nor do the representations made by Konkle, whether true or false in regard to his means, establish the fact that his original purpose in purchasing the property was fraudulent. That he afterwards sold his farm to his father below his own valuation and below its true value; that he sold his horses, and appropriated the proceeds to his own use, may show a design to defraud his creditors, but are not sufficient to show that his original purpose in making the purchase was fraudulent.

But if this view of the evidence be erroneous, admitting that the evidence does show that this purchase from the complainants was made with a fraudulent design, and that the defendant resorted to fraudulent, and even criminal misrepresentations to obtain credit, still I am of opinion that the injunction ought not to issue. It must be borne in mind that the controversy is not between the complainants and Konkle, as to the title to the property, but between judgment creditors of Konkle, as to the appropriation of the property to the payment of their respective debts. Did the property

in question belong to Konkle or to the complainants? If it belonged to Konkle, it is subject to levy and sale by his judgment creditors in the order of their priority. Now admitting all the allegations of the bill in regard to the frauds of Konkle in their fullest extent; admit that by the failure of Konkle to pay for the goods on delivery they had a right to reclaim them; admit that, by his fraudulent misrepresentations to obtain credit, that he acquired no property in the goods, and that they had a right to rescind the contract and reclaim the property, do they now stand in a position to enforce that claim? On the failure of Konkle, and on his absconding, they did not claim the property sold by them as theirs, and call upon this court to protect it from the executions of the judgment creditors of Konkle. They did no act indicating an intention to disaffirm the contract, and to reclaim the property as their own. On the contrary, they sued out an attachment for the recovery of the purchase money of those goods. An affidavit must have been made, as the ground of that attachment, that the purchase money was due to the complainants. A judgment was subsequently entered in favor of the complainants for the same debt; an affidavit must have been again made that the purchase money of those goods was a debt justly and honestly due and owing to the complainants. That judgment the complainants are now seeking to enforce. They ask that the debt shall be satisfied by the appropriation for that purpose of the goods sold by them to Konkle. Instead of disaffirming the contract, and seeking the restoration of the goods as their own property, they affirm the contract, obtain a judgment for the price, and seek to satisfy the judgment by claiming an equitable lien upon the goods sold. I am aware of no principle upon which the claim can be sustained, nor have I met with an authority which will justify the court in enforcing it.

The motion for an injunction must be denied, and the rule to show cause discharged with costs.