LEMUEL COFFIN et al., Appellants, v. WILLIAM H. HOLLISTER, Jr.,
as Assignee, etc., Respondent.

In an action to recover possession of goods sold and delivered to
defendants on the ground that the sale was induced by false and fraud-
ulent representations made by them, the burden is upon the plaintiff to
establish that such representations were made with intent to deceive and
defraud.

(Argued February 3, 1891; decided February 24, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an
order made December 11, 1889, which affirmed a judgment in
favor of defendant entered upon the report of a referee.

This was an action of replevin to recover the possession of
fifteen cases of muslins that had been sold by the plaintiffs to
the firm of Toles & Pettit, manufacturers of shirts in the city
of Troy.

The following is the *mem.* of opinion:

" On the 31st of October, 1881, the plaintiffs sold the goods
in question to the assignors of the defendant upon a credit of
sixty days from December 1, 1881, and on the 17th of Janu-
ary, 1882, they commenced this action to replevy the same
upon the ground that they had been induced to sell and deliver
their property by reason of certain false and fraudulent repre-
sentations made by the purchasers. The burden of proof was
upon the plaintiffs to establish that the alleged false representa-
tions were made by the vendees with intent to deceive and
defraud. (*Nichols* v. *Pinner*, 18 N. Y. 295, 299; *Arthur*
v. *Griswold*, 55 id. 400, 410; *Morris* v. *Talcott*, 96 id. 100;
*Macullar* v. *McKinley*, 99 id. 353, 358; *Brackett* v. *Griswold*,
112 id. 454, 467.)

" The learned referee before whom the action was tried, found
that certain material representations were made, but he did not
find that they were made with intent to defraud and he refused
to find that they were false. On the other hand, he found
that the defendant, as assignee, was the actual owner of the
goods when this action was commenced, and that no facts ever
existed that authorized the plaintiffs to rescind the sale or to

have the same declared fraudulent and void. These findings have been expressly approved by the General Term, which states in its opinion that the referee's report is justified by the evidence. The only ground upon which we are asked to reverse the judgment appealed from is that the referee erred in passing upon the facts. We are unable, however, to review his conclusions in this regard, because the questions of fact rest upon a conflict of evidence and are thus protected from interference by us, even if we were of the opinion that they should have been otherwise determined. (*Healy* v. *Clark*, 120 N. Y. 642; Code Civ. Pro. §§ 992, 993, 1337.) When the result depends, as it did in this case, upon the credibility of witnesses, the facts found by the trial court and approved by the General Term are final and unchangeable for the purpose of an appeal to this court. This is often said, but oftener disregarded, and the result is many fruitless appeals.

"The judgment should be affirmed, with costs."

*R. A. Parmenter* for appellants.

*Nelson Davenport* for respondent.

VANN, J., reads for affirmance.
All concur.
Judgment affirmed.  _____