DAVID ALDRIDGE, as Superintendent of the Poor of Oneida County, N. Y., Appellant, *v.* MARY WALKER, Respondent

| 73 | 281 |
| 77 | 372 |

73h     281
37 Mis⁷ 14

*When the decision of a motion is res adjudicata — when a judgment is conclusive — presumption arising from proceedings in (the Court of Sessions) a court of superior jurisdiction — order directing payment of moneys to a superintendent of the poor — how modified — cannot be questioned collaterally.*

Whenever a motion admits of grave discussion and deliberation, and is made a part of the record of a cause, and subject to review in another court, the decision by a court upon such motion is generally regarded as a final judgment or adjudication establishing an indisputable obligation on the part of the person against whom it is rendered, and the rule of *res adjudicata* applies.

The former judgment of a court of competent jurisdiction is conclusive between the parties, or others claiming under them, upon the same matter directly in question, in a subsequent action or proceeding.

When proceedings have been had in a court of superior jurisdiction the presumption arises that it acted in accordance with the forms of law and the rules of practice governing it, and not until every prerequisite prescribed by law had been complied with, unless the contrary appears on the face of the record, and also that it possessed jurisdiction of the subject-matter, that the parties were properly brought before it; that its powers were properly invoked by a suitable application made to it; that the process was properly served, and that the subject-matter was one it had authority to try.

The Court of Sessions is a superior court and its jurisdiction is presumed.

If the person directed by an order of the Court of Sessions to pay a certain sum of money per week, payable monthly to a superintendent of the poor, to be applied exclusively to the support of her daughter, desires to relieve herself from the effect thereof, she should apply to the Court of Sessions under the provisions of section 918 of the Code of Civil Procedure for its modification, but so long as the order remains unchanged such person is, by force of the statute, liable to pay the sum therein prescribed.

*Semble,* that the obligation to pay the money to the superintendent may be avoided by proof of the maintenance of the daughter in a manner approved by the overseer of the poor of the town, or the superintendent of the county, as provided by section 914 of the Code of Criminal Procedure.

Such an order is not void because it gives no option to such person either to support her daughter or to pay the amount provided, and if it is irregular or improper the remedy is by appeal, and the question of its irregularity or impropriety cannot be properly raised in an action brought to collect the amount directed to be paid by such person and unpaid by her.

APPEAL by the plaintiff, David Aldridge, as superintendent of the poor of Oneida county, N. Y., from a judgment of nonsuit

granted in the County Court of Oneida county and entered in the office of the clerk of the county of Oneida on the 7th day of March, 1893.

Sarah Walker is the daughter of the defendant. On April 4, 1884, the Court of Sessions of Oneida county made an order which recited the reading and filing the application of the superintendent of the poor of Oneida county and due proof of the service of notice of such application upon the defendant, and after hearing the proof and allegations on the part of said applicant, no one appearing to oppose, and then ordered that the defendant pay to the superintendent of the poor of Oneida county the weekly sum of six dollars each and every week from the date of the order until the further order of the court, such sum to be used exclusively for the support and maintenance, from and after that date, of the said Sarah Walker, and also that the defendant pay the superintendent ninety-five dollars for his costs and expenses, to be paid within twenty days after the service of a duly certified copy of the order.

Subsequently, an order was made allowing the defendant to appear and defend that proceeding, notwithstanding her default. On the 17th day of June, 1887, at a Court of Sessions held in and for the county of Oneida, an order modifying the former order was made, whereby, after reciting that an order for a rehearing had been made and that a rehearing was had and evidence given thereon, it was provided that the order made at the preceding term of the court, awarding six dollars per week for the support of Sarah Walker, should be modified and the amount be reduced to three dollars per week, to be paid monthly to the superintendent of the poor of Oneida county, and not weekly as provided in the former order The costs of the proceeding and the sum named in the order were paid by the defendant until May 29, 1888, but nothing was paid after that time. This action was commenced November 18, 1890, to recover the amount directed to be paid by such orders, and becoming due by the provisions thereof after the 29th day of May, 1888.

On the trial the plaintiff introduced in evidence certified copies of the orders made by the Court of Sessions on April 4, 1887, and June 17, 1887, respectively. The proof also tended to show that Sarah Walker had sometimes been an inmate of the poor house of

Oneida county and at other times not; that she was discharged from the county house July 10, 1886, and was not there again until May, 1891, after the commencement of this action, and that the defendant had neither maintained and provided for her daughter nor paid the sum prescribed by the order after May 29, 1888.

*Howard C. Wiggins*, for the appellant.

*Smith M. Lindsley*, for the respondent.

MARTIN, J. :

The proceedings which resulted in the orders requiring the defendant to pay three dollars a week for the support of her daughter were instituted under the provisions of title 8 of the Code of Criminal Procedure, which are substantially like the provisions of the Revised Statutes as they existed before the adoption of the Code. (*Herendeen* v. *De Witt*, 49 Hun, 55.)

That title defines the liability in such cases, and prescribes the procedure to enforce it.

The respondent seeks to uphold the judgment in this action upon the ground that no cause of action existed when the suit was commenced. He claims that as there was no evidence to show that the superintendent of the poor had either maintained the defendant's daughter, or paid for her maintenance before this action was brought, no cause of action existed against the defendant in favor of the plaintiff.

It will be seen, however, that section 920 of the Code of Criminal Procedure provides that if a relative, required by an order of the court to relieve or maintain a poor person, neglects to do so in the manner approved by the officers mentioned in section 914, and neglects to pay the sum prescribed by the court, the officers may maintain an action against the relative, and recover therein the sum prescribed by the court for every week the order has been disobeyed to the time of the recovery.

In this case it was shown that the defendant had neither provided for her daughter nor paid the sum prescribed in the order. Under such circumstances, the order being in full effect, we think the plaintiff was entitled to recover the sum prescribed thereby. If the

defendant desired to relieve herself from the effect of the order, she should have applied to the Court of Sessions under the provisions of section 918 for a change of it, but so long as the order remained unchanged, the defendant was, by force of the statute, liable to pay the sum therein prescribed.

While the determination provided for by title 8 is denominated an order, it was a final determination of the matter, and in effect a judgment. Whenever a motion admits of "grave discussion and deliberation, and is made part of the record in a cause and subject to review in another court," the decision by a court upon such motion is generally regarded as a final judgment or adjudication, establishing an indisputable obligation on the part of the person against whom it is rendered, and the rule of *res judicata* applies. (*Dwight* v. *St. John*, 25 N. Y. 203 ; Herman on Estoppel and Res Judicata, § 472, and cases cited in note 1.)

The general rule on the subject is that a former judgment of a court of competent jurisdiction is conclusive between the parties, or others claiming under them upon the same matter directly in question in a subsequent action or proceeding. "Such judgment or determination is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have been litigating, and have had decided as incident to, or essentially connected with, the same subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and defense." (1 Herman on Estoppel, § 411 ; *Harris* v. *Harris*, 36 Barb. 88 ; *Bruen* v. *Hone*, 2 id. 586 ; *Embury* v. *Conner*, 3 N. Y. 511 ; *Haire* v. *Baker*, 5 id. 357 ; *Davis* v. *Tallcot*, 12 id. 184 ; *Hayes* v. *Reese*, 34 Barb. 156 ; *Clemens* v. *Clemens*, 37 N. Y. 74 ; *Dolan* v. *Mayor, etc.*, 62 id. 475 ; *Matter of Department of Parks*, 73 id. 565 ; *Mayer* v. *Mayor, etc.*, 101 id. 288 ; *Pray* v. *Hegeman*, 98 id. 351, 358 ; *Stowell* v. *Chamberlain*, 60 id. 272 ; *Dunham* v. *Bower*, 77 id. 76 ; *Griffin* v. *Long Island R. R. Co.*, 102 id. 449 ; *Campbell P. P. & M. Co.* v. *Walker*, 114 id. 7.)

We are of the opinion that the defendant could not dispute her liability under the order, nor avoid a recovery for the amount prescribed, except, perhaps, by showing that she maintained her daughter in a manner approved by the overseer of the town, or superin-

tendent of the county, as provided by section 914, or by proving that she had paid the superintendent the amount prescribed by the order. As no such proof was given, we think the defendant was liable, and that the plaintiff was entitled to recover.

It is, however, contended by the respondent that the Court of Sessions had no jurisdiction or authority to make the order upon which this action is based, and the following grounds are stated as the basis for such contention :

1. That the plaintiff had no right to maintain the action, except as given by section 920 of the Code of Criminal Procedure, and he did not make a case according to the provisions of that section, because he did not prove that the defendant had neglected to relieve or maintain her daughter in a manner approved by the officers mentioned in section 914 ;

2. That the Court of Sessions which made the order was an inferior court of limited jurisdiction, and it was incumbent on the plaintiff to show that it acquired jurisdiction to make the order ;

3. That the order was void upon its face as it did not show that the Court of Sessions had jurisdiction of the subject-matter, and there was no proof on the trial to show such jurisdiction ;

4. That it had no jurisdiction to make the order because there was no proof that Sarah Walker was in the county when the proceeding was commenced or order made by the Court of Sessions, or that Mary Walker was legally bound to support her daughter, or that any application was made as required by statute ;

5. That the order was void because it gave no option to the defendant to support or pay.

The difficulty with the first ground of the plaintiff's contention is that it does not appear to be sustained by the facts. The evidence disclosed not only that the defendant had paid no portion of the amount directed to be paid by the order since May 29, 1888, but that she had in no way supported, maintained or provided for her daughter during that time.

The second, third and fourth grounds of the respondent's contention relate to the jurisdiction of the court which made the order. It seems to be settled that when proceedings have been had in a court of superior jurisdiction, the presumption arises that it acted in accordance with the forms of law and the rules of practice govern-

ing it, and not until every prerequisite prescribed by law had been complied with, unless the contrary appears on the face of the record. The further presumption also arises that it possessed jurisdiction of the subject-matter; that the parties were properly brought before it; that its powers were properly invoked by a suitable application made to it; that the process was properly served, and that the subject-matter was one it had authority to try. (Brown on Jurisdiction, § 20a. See, also, *Gosset* v. *Howard*, 10 Q. B. 453; *Potter* v. *Merchants' Bank*, 28 N. Y. 656; *Bosworth* v. *Vandewalker*, 53 id. 597; *Wright* v. *Nostrand*, 94 id. 45.) Hence, if the Court of Sessions was a court of superior jurisdiction, then the presumption was that all the proceedings necessary to give the court jurisdiction were had, and that the judgment or order was regular and valid.

In the case of *People* v. *Bradner* (107 N. Y. 1) it was held that the Court of Sessions is a superior court and its jurisdiction is presumed. The principle of that case seems to be decisive of the question.

Nor do we think the respondent's fifth ground valid. The order cannot be treated as void because it gave no option to the defendant to support her daughter or pay the amount provided. If it was irregular, or for any reason improper, the remedy of the defendant was by appeal, and the question of the irregularity or impropriety of the order could not be properly raised in this action.

These considerations lead us to the conclusion that the trial court erred in nonsuiting the plaintiff, and that the judgment should be reversed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.