WILLIAM H. THOMAS, Respondent, v. DE FOREST SNYDER, Appellant.

*Action on a judgment — when the complaint alleges fraud — sale of goods — when induced by fraud the title remains in the vendor — Code of Civil Procedure, § 264 — presumption, from the omission of the names of witnesses from the clerk's minutes*

The complaint, in an action brought upon a judgment, alleged that the former judgment was entered upon a verdict "for damages sustained by plaintiff by reason of the fraud and deceit of defendant alleged in the complaint."

*Held*, that such allegation, even if not controverted by the answer, would not operate as an admission by the defendant that the former judgment was based upon fraud unless such in fact was the gravamen of the action in which it was recovered.

The complaint in an action alleged the co-partnership of the defendants; that they, with intent to defraud the plaintiff and deprive him of his property, falsely represented that they were in need of a quantity of tallow for immediate use in their soap factory, and requested the plaintiff to send a quantity, and promised to pay therefor a certain rate per pound on delivery; that in pur-

suance of such request the plaintiff sent the specified amount of tallow ; that the defendants were insolvent, and fraudulently concealed their insolvency from the plaintiff ; that they had ceased manufacturing soap, and did not require such tallow in their business, and falsely made such statement to induce the plaintiff to think they were in good circumstances, solvent and carrying on a good business ; that the defendants deceived the plaintiff, and did not intend to pay for the said tallow when they ordered it ; that they converted it to their own use, and sold it as soon as they acquired possession thereof ; that they concealed the sale from the plaintiff to deprive him of his property ; that the plaintiff believed the defendants' representations that they needed the tallow for immediate use, and otherwise would not have sold the defendants such property, or intrusted them with the possession thereof ; that the plaintiff believed the defendants' representation that they were carrying on their business and continuing the manufacture of soap, and would not have sold the tallow to them, or intrusted them with the possession of it, if he had not been deceived by such false representation ; that the plaintiff, by reason of such fraud, deceit and conversion, had suffered damage to a specified amount, for which judgment was demanded

*Held,* that such allegations were not sufficient to constitute a cause of action for fraud, based upon the ground of the representation as to the need of tallow for immediate use in the defendants' soap factory ; that there was nothing in the complaint to show that at the time the defendants made such representation they knew or believed the same to be false ;

That such action was for a debt created by the fraud of the defendants in not intending to pay for the tallow when they ordered the same, and that the judgment rendered therein would not be discharged by subsequent proceedings in bankruptcy on the part of the person against whom such judgment was rendered.

The elements requisite to sustain an action for false pretenses are representation, falsity, *scienter*, deception and injury. There must be a false representation known to be such, made by the defendant, calculated and intended to influence the plaintiff, and which came to his knowledge, and in reliance upon which he, in good faith, parted with property or incurred the obligation which occasioned the injury of which he complains. All of these circumstances must be found to exist, and the absence of any one of them is fatal to a recovery.

If a purchaser, who is insolvent, concealing the fact of his insolvency from the vendor, obtains goods from him without intending to pay for them, it is a fraud upon the vendor, and the property in the goods will not be changed, and they may be reclaimed by the vendor.

Section 264 of the Code of Civil Procedure makes it the duty of the clerk of the court to enter in his minutes the names of the jurors before whom the action is tried, as well as the names of the witnesses sworn on such trial, and the fact that both the names of witnesses and jurors were omitted from the clerk's minutes renders the omission of the names of the witnesses slight evidence, if any, that no witnesses were called on the trial, and testified to the facts necessary to uphold the judgment rendered therein, and is insufficient to over-come the presumption that a court of superior jurisdiction has acted in accord-

ance with the forms of law and rules of practice governing it, and such presumption continues until every prerequisite prescribed by law has been complied with, unless the contrary appears on the face of the record.

APPEAL by the defendant, De Forest Snyder, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Herkimer on the 31st day of July, 1893, upon the decision of the court rendered after a trial at the Herkimer Circuit.

*Charles A. Fuller,* for the appellant.

*Eugene E. Sheldon,* for the respondent.

MARTIN, J.:

This action was upon a judgment in an action brought in this court by the plaintiff against the defendant, and entered in Herkimer county February 21, 1876, for $245.55 damages and costs.

The complaint herein alleged the recovery of such judgment and set out the pleadings and judgment in the former action. It was then alleged that the action was tried at a Circuit held in Herkimer county by a jury which rendered a verdict "for damages sustained by plaintiff by reason of the fraud and deceit of defendant, alleged in the complaint, in the sum of one hundred sixty-one dollars and sixty-two cents." It was also alleged that judgment was entered upon such verdict for the amount named; that no part thereof had been paid; that it had not been in any manner discharged, but was a valid and subsisting judgment against the defendant.

The defendant alleged in his answer that there was no order of arrest served or granted in the former action, then set up a discharge in bankruptcy, and alleged that the cause of action upon which the former action was brought was upon a contract for the purchase of goods, and that there was no fraud in the transaction on the part of the defendant, nor on the part of any one to his knowledge; that the judgment and cause of action upon which it was founded were provable against the bankrupt's estate and barred and discharged by such discharge in bankruptcy, and that he had never done any act to restore the same to a valid indebtedness. The defendant also set up the Statute of Limitations, and demanded judgment that the complaint be dismissed.

The question involved on this appeal is, whether the judgment upon which this action was based was discharged by the defendant's discharge in bankruptcy. It seems to be admitted that it was so discharged, unless the debt was one which fell within the provisions of section 5117 of the United States Revised Statutes, which provides: "No debt created by the fraud * * * of the bankrupt * * * shall be discharged by proceedings in bankruptcy."

The plaintiff contends that the action was for fraud, and, hence, within the provisions of section 5117, while the defendant claims that the action was upon contract, and not within its provisions. The plaintiff insists that the fact that his judgment was for the fraud of the defendant in creating the debt for which it was rendered, is conclusively established by the pleadings in this action, and that the judgment roll in the former action also establishes that fact.

The first proposition is based upon the allegation in the plaintiff's complaint that the former judgment was entered upon a verdict "for damages sustained by plaintiff by reason of the fraud and deceit of defendant, alleged in the complaint," which it is claimed is not denied by the defendant's answer, and, hence, must be regarded as admitted. We find in the defendant's answer no denial of this allegation. It does, however, contain an allegation "that the cause of action sued on in 1875 was a contract for the purchase of goods, and there was no fraud in the transaction on the part of this defendant." Thus, at the outset, we are presented with the questions: (1) Whether the allegation of the complaint in this action, if admitted, was sufficient to justify the court in rendering the judgment appealed from; and (2) if sufficient, did the answer so far controvert that allegation as not to require it to be taken as true?

As to the first question, it will be seen by an examination of the complaint herein that the allegation was not an absolute one; that the verdict upon which the judgment was entered was for damages sustained by reason of the fraud and deceit of the defendant, but it was qualified and limited to the fraud and deceit alleged in the complaint in the first action. So, that if no fraud or deceit was alleged in that complaint, then there is no allegation of fraud or deceit in the complaint in this action, and, hence, if it were conceded that this allegation was not controverted by the answer, it would not operate as an admission by the defendant that the former judgment was

based upon fraud, unless such, in fact, was the gravamen of that action, and it becomes necessary to determine whether this allegation of the complaint was controverted by the defendant's answer.

As the character of that action is to be determined by the complaint therein, especially as there was no other proof on the subject ( *Welsh* v. *Darragh*, 52 N. Y. 590; *Untermyer* v. *Beinhauer*, 105 id. 521. 524; *Cassidy* v. *McFarland*, 139 id. 201, 205), the real question is whether that complaint was upon contract or whether it was for fraud. It was alleged therein that on May 17, 1872, the defendants were co-partners : that they, with intent to defraud the plaintiff and deprive him of his property, falsely represented that they were in need of a quantity of tallow for immediate use in their soap factory, and requested the plaintiff to send a quantity, and promised to pay therefor eight and three-fourths cents per pound on delivery; that in pursuance of such request the plaintiff sent 1,483 pounds of tallow : that the defendants were insolvent and fraudulently concealed their insolvency from the plaintiff; had about ceased manufacturing soap; did not require such tallow in their business, and falsely made such statement to induce the plaintiff to think they were in good circumstances, solvent and carrying on a good business; that the defendants deceived the plaintiff, and did not intend to pay for said tallow when they ordered it; that they converted it to their own use, and sold it as soon as they acquired possession thereof; that they concealed the sale from the plaintiff to deprive him of his property; that the plaintiff believed the defendants' representation that they needed the tallow for immediate use, and would not have otherwise sold the defendants such property, or intrusted them with the possession of it : that the plaintiff believed the defendants' representation that they were carrying on their business, and continuing the manufacture of soap, and would not have sold it to them, or intrusted them with the possession of it, if he had not been deceived by such false representation; that the tallow was of the value of $129.77 : that the defendants have not paid for it, or any part thereof; that the plaintiff, by reason of such fraud, deceit and conversion, has suffered damage to the amount of $129.77, with interest from May 17, 1872, and demanded judgment for that amount besides costs.

The only false representation alleged to have been made by the defendants was that they were in need of a quantity of tallow for immediate use in their soap factory. The plaintiff then alleged that the defendants did not require such tallow in their business; that he was deceived by such representation, and delivered the property relying thereon.

These allegations were not, we think, sufficient to constitute a cause of action for fraud based upon the ground of such representation. It will be observed that while the plaintiff has alleged that the defendants represented that they were in need of a quantity of tallow for immediate use in their soap factory, and that they did not require it for that purpose, there is nothing whatever in the complaint to show that the defendants at the time they made such representation either knew or believed it to be false. Notwithstanding all that appears in the complaint, the defendants may have supposed and in good faith believed that they needed such tallow for immediate use, and may have intended at that time to use it in their soap factory. If such was the case, then clearly the defendants were not liable for fraud in making the representation alleged. The rule applicable to this class of cases is clearly and distinctly stated by ANDREWS, J., in *Brackett* v. *Griswold* (112 N. Y. 454, 467), where he says: "There is no doubt or question as to what elements are requisite to sustain an action for false pretenses. The essential constituents of such an action have been understood from the time such actions were first maintained. They were tersely stated by CHURCH, Ch. J., in *Arthur* v. *Griswold* (55 N. Y. 400), viz.: 'Representation, falsity, *scienter*, deception and injury.' There must have been a false representation, known to be such, made by the defendant, calculated and intended to influence the plaintiff, and which came to his knowledge, and in reliance upon which he, in good faith, parted with property or incurred the obligation which occasioned the injury of which he complains. All these circumstances must be found to exist, and the absence of any one of them is fatal to a recovery." (See, also, *Coffin* v. *Hollister*, 124 N. Y. 644.) We think in this case there was an absence of *scienter*, and that the complaint failed to state a cause of action for fraud in making such representation.

The only remaining theory upon which it can be claimed that a cause of action for fraud was alleged in the complaint in the first

action, is that it set up a cause of action for purchasing property with a fraudulent intent not to pay for the same. In addition to the allegations as to the representation made by the defendants and their falsity, it was alleged " that defendants deceived plaintiff and did not intend to pay for said tallow when they ordered the same;" that when the property was purchased the defendants were insolvent and fraudulently concealed their insolvency from the plaintiff, and that they subsequently sold the tallow and concealed such sale from the plaintiff to deprive him of his property. If a purchaser who is insolvent, concealing his insolvency from the vendor, obtains goods from him without intending to pay for them, it is a fraud upon the vendor, and the property in the goods will not be changed. (*Durell* v. *Haley*, 1 Paige, 492; *Cary* v. *Hotailing*, 1 Hill, 311; *Ash* v. *Putnam*, Id. 302; *Devoe* v. *Brandt*, 53 N. Y. 462; *Wright* v. *Brown*, 67 id. 1; *Morris* v. *Talcott*, 96 id. 107.) In *Hotchkin* v. *The Third Nat. Bank of Malone* (127 N. Y. 329) it was held that if a purchaser, who was insolvent, conceals that fact from the vendor for the purpose of defrauding him, and thus obtains goods on credit without intending to pay for them, the title of the property is not changed, and it may be reclaimed by the vendor.

While the question whether the former action was for a debt created by the fraud of the defendant may not, perhaps, be wholly free from doubt, still, we are of the opinion that such was the nature of the action that the debt for which such judgment was rendered was not discharged by the defendants' proceedings in bankruptcy, and that the judgment upon which this action was brought was not discharged thereby. (*In re Patterson*, 2 Ben. [U. S.] 155.)

The appellant claims that the judgment roll in the first action shows that no witnesses were sworn upon the trial, and that the court ordered judgment upon the admission of indebtedness contained in the defendant's answer. This claim is not sustained by the facts before us. The judgment roll does not show that no witnesses were sworn and examined. It contains nothing to show whether they were or were not. The only pretense for this claim rests in the fact that the clerk's minutes, as printed in the appeal book, do not contain the names of witnesses sworn upon the trial. This falls far short of showing that no witnesses were sworn, especially when we consider the fact that the names of the jurors before whom the

action was tried were also omitted. Section 264 of the Code of Procedure made it the duty of the clerk to enter in his minutes the names of the jurors as well as of the witnesses, and the fact that both were omitted renders the omission of the names of the witnesses as slight, if any, evidence that no witnesses were called and testified to the facts necessary to uphold the plaintiff's judgment. This was certainly insufficient to overcome the presumption that a court of superior jurisdiction has acted in accordance with the forms of law and rules of practice governing it, and not until every prerequisite prescribed by law had been complied with, unless the contrary appears on the face of the record. (*Aldridge* v. *Walker*, 73 Hun, 281, and cases cited in opinion.)·

These considerations lead to an affirmance of the judgment.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.