Margaret R. Kelley, Respondent, v. Champlain Studios, Inc., Appellant.

First Department, March 30, 1928.

Abatement and revival — another action pending — plaintiff sues as assignee of contract made by her husband — husband instituted prior action for accounting under same contract on theory that relation between him and defendant was that of joint venturers — claim is indivisible and prior action by husband is bar to this action.

Plaintiff's action is based upon a claim assigned to her by her husband. She alleges that the defendant and her husband entered into an agreement whereby the husband undertook to procure prominent persons to have their photographs taken in defendant's studio; that between February 5, 1922, and July 24, 1924, the defendant collected moneys under that contract which it has refused to account for to the plaintiff's assignor.

Plaintiff's action is barred by a prior action instituted by the plaintiff's husband, her assignor, in which he alleged that he and the defendant herein entered into a contract as joint venturers and in which he demanded a dissolution of the joint venture and an accounting of the profits between February 5, 1922, and July 12, 1924.

The contention of the plaintiff that her cause of action is based upon sales made subsequent to the dates mentioned in her husband's action, if true, would not permit her to maintain this action, since her husband seeks to have the contract of joint venture dissolved and asks for a complete accounting.

Furthermore, the contract is single and indivisible and one cause of action only can arise out of it and the plaintiff's husband could not assign part of that claim to the plaintiff.

Appeal by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 18th day of November, 1927.

*William Bell Wait,* for the appellant.

*John C. MacCarthy* of counsel [*Bose & MacCarthy,* attorneys], for the respondent.

Finch, J. The main controversy between the parties is whether this complaint should be dismissed under rule 107 of the Rules of Civil Practice because of the pendency of another action.

This plaintiff is suing upon a claim assigned to her by her husband. She alleges in her complaint that in February, 1922, her assignor and the defendant entered into an agreement of joint venture whereby the plaintiff's assignor undertook to procure prominent persons to have their photographs taken in the defendant's studio and the defendant agreed to divide the profits and to account therefor. The plaintiff further alleges that between the dates of February 5, 1922, and July 12, 1924, plaintiff's assignor

procured certain persons to have their photographs taken and the negatives thereof were intrusted to the defendant and that the latter since the 12th day of July, 1924, has made sales of photographs and collected moneys, as to which the defendant has refused to account to the plaintiff's assignor. Judgment is demanded in the sum of $10,000.

The other action pleaded in bar was begun on February 13, 1925. The plaintiff's husband then sued the defendant for an accounting based upon the same contract of joint venture upon which the action of this plaintiff is predicated. In that earlier action plaintiff's husband demanded a dissolution of the joint venture, an accounting by the defendant of profits in connection with sales of photographs of persons whom the plaintiff's husband had procured as customers, limiting the period for that action to a time between February 5, 1922, and July 12, 1924. He also demanded the appointment of a receiver to sell all common personal property and collect any and all unpaid outstanding bills in regard to the sale of said photographs. In that action the plaintiff's husband recovered a judgment against the defendant, which on appeal was set aside as against the weight of the evidence upon the issue of the existence of a joint venture, and a new trial granted. (See *Kelley* v. *Champlain Studios, Inc.,* 220 App. Div. 156.)

From the foregoing, therefore, it appears that there is now pending another action by the plaintiff's assignor involving the same cause of action as that upon which the plaintiff is also suing. The plaintiff contends that her cause of action is based upon sales made subsequent to the dates involved in her husband's action and hence is not included in said action. In making this contention, however, the plaintiff ignores the fact that in her husband's action the complaint demands a dissolution of the joint venture, a sale of all personal property and a complete accounting. Such a demand is in accordance with the right which the plaintiff possesses, if there exist a joint venture, namely, a right to declare the same at an end and to have an accounting for the amount due and a declaration as to the assets so as finally to terminate the relationship. This right is based upon a single, indivisible contract, and gives rise to but a single cause of action. It may not be split up into several causes of action by assignment of the right to receive various portions of the profits accruing over various periods of time. (*Hayes* v. *Reese,* 34 Barb. 151; *King* v. *King,* 73 App. Div. 547.) The cause at bar is not a case of an assignee of a portion of an indivisible claim seeking to protect her rights in the one cause of action but a case where she is seeking

to bring a second independent cause of action, thus attempting to split up an indivisible cause of action into two independent actions. (*Dickinson* v. *Tysen*, 125 App. Div. 735.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.