NEW YORK,
May, 1816.

M'LEAN
v.
HUGARIN.

Judgment for the plaintiff.

---

## M'LEAN *against* HUGARIN.

Where an improper set-off has been admitted in a cause in a justice's court, and tried, the record, in such former action, is a bar to an action brought on the subject of such set-off. Parol evidence is inadmissible to contradict the certificate of a justice as to the proceedings in a cause before him.
Where the return to a certiorari stated the certificate of a justice of a former trial, authenticated according to the act, but not appearing to be under the seal of the C. P., otherwise than that the clerk had stated, " *Witness my hand and seal*;" it was held that it was to be inferred that it was under seal.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error, who was plaintiff in the court below, brought an action of trover, to recover the value of a spinning-wheel. The defendant pleaded the general issue, and a former action for the same cause, in which the present plaintiff being defendant, set off the present demand, which was tried in that action.

The certificate of the justice, of the proceedings on the former trial, (authenticated according to the act, except that it does not appear that the clerk affixed the seal of the C. P., but it is only stated, " *Witness my hand and seal*,") being produced, the plaintiff below offered testimony to show that the demand for the spinning-wheel was withdrawn, and not submitted to the

justice : this evidence being admitted, and the fact being proved, the justice gave judgment for the plaintiff below.

*Per Curiam.* The certificate of the former trial between these parties was sufficiently authenticated. It is necessarily to be inferred that it was, in fact, as it purports to have been, under seal, as required by the statute : at all events, no objection was made to its admission upon the trial; and it cannot, now, be called in question. Although the demand, in this case, sounds in *tort,* and might not, in strictness, have been admissible as a set-off on the former trial, yet if it were admitted without objection, and has been once tried, that judgment is conclusive with respect to this matter; and the only question is, whether testimony was admissible to contradict the justice's certificate of the former trial. This certificate clearly shows, that this same matter has once been tried.

The act authorizing the giving of such certificates, (1 *R. L.* 398. s. 21.,) declares, that it shall be good and legal evidence to prove the facts contained in such exemplifications. In the case of *White* and *Hall* v. *Hawn,* (5 *Johns. Rep.* 351.,) this court decided that parol evidence of a former trial was inadmissible. In *Posson* v. *Brown,* (11 *Johns. Rep.* 166.,) the same principle was recognised; and it was there said, that although the proceedings and judgment before a justice, may not be technically a *record,* yet the material parts are in writing, and ought to be produced : that parol evidence was not the highest and best evidence : that the statute directing the manner in which such proceedings are to be authenticated, seems to regard them in the nature of a record. If, then, as has been settled by this court, parol evidence is inadmissible to prove the proceedings of a former trial, it must follow, as a necessary consequence, that such evidence is not admissible to contradict the written evidence of such proceedings. The judgment must, therefore, be reversed.

Judgment reversed.