## Campbell *vs.* Butts,

A party insisting upon a former recovery as a bar to an action, must show that the *record* of the former suit includes the matter alledged to have been determined.

Consequently where the declaration in the first suit states a particular matter as the ground of action, and issue is taken by the defendant, parol proof is inadmissible to show that a different subject was litigated upon the trial.

In an action for slander, the defendant set up a former recovery for the same cause. *Held*, that it was not competent to prove on the trial that some of the words charged in the declaration, but not contained in the declaration in the former suit, were given in evidence on the trial of such former suit.

Where certain words are given in evidence on the trial of an action of slander for the special purpose of showing the *quo animo* with which other words are spoken, it seems that the plaintiff is not thereby prevented from insisting upon the same words in another suit as a substantive ground of action.

In the action of slander a former recovery for the whole or any part of the actionable words may be given in evidence, under the general issue. *Per* Gardiner, J.

CAMPBELL sued Butts in the recorder's court of the city of Buffalo for slander. The defendant pleaded not guilty and a former recovery for the same cause. On the trial it was proved by the defendant that there had been a former suit for slander in the Erie common pleas brought by the same plaintiff against the defendant, and that on the trial of that suit the plaintiff, without objection, *for the purpose of showing malice,* gave in evidence the speaking of some of the words charged in the declaration in this cause, but which were not set forth in the declaration in such former suit; that some of the words so given in evidence were spoken before and others after the commencement of that suit. The defendant objected to evidence of the same words again on the trial of the present suit as a *substantive cause* of action. The objection was overruled and the defendant excepted. The charge of the recorder to which an exception was also taken, is stated in the opinion of the court. The plaintiff had a verdict and judgment, and the defendant brought error into the supreme court, where the judgment was reversed. The plaintiff then brought error to this court.

· ·*D. Tillinghast,* for plaintiff.

*S. G. Havens,* for defendant.

GARDINER, J. The rule is well established, if not elementary, that a party insisting upon a former recovery must show that the record of the former suit includes the matters alledged to have been determined. This is true in all cases in courts of record, whether the pleadings between the parties in the previous suit are general or special in their character. (*Cowen & Hill's Notes, part* 2, 839, 840; 5 *John.* 24; *Young* v. *Rummel,* 2 *Hill,* 481, *and cases cited.*) It follows that when the declaration, as in the first suit between these parties, states a special matter as the ground of action, and issue is taken by the defendant upon the allegation, parol proof is inadmissible to show that a different subject was litigated upon the trial. For this would be to contradict the record, which shows the issue, and

the verdict and judgment upon that issue, to the exclusion of all other matters whatsoever.

The cases in this state which apparently conflict with this principle originated in justices' courts. (13 *John.* 184; 3 *Caines,* 152; 3 *John.* 432; 16 *Wend.* 583.) In these courts the pleadings may be, and usually are, informal; and with a view to substantial justice, courts of review have attached far more consequence to the conduct of parties, and the proofs made by them upon the trial, than to their allegations. These decisions are inapplicable to proceedings in courts of record. Indeed, if the records of our higher courts, which import absolute verity, are to be accommodated to the evidence given upon trial, because this has been done in suits before justices of the peace, no good reason can be assigned why the pleadings of the parties in the different courts should not be placed upon the same footing, and receive the same liberal construction. This has never been claimed, or if claimed, allowed. (2 *John.* 24, *and cases.*)

If these views are correct, it only remains to apply the doctrine above suggested to the case before us. And 1st. The defendant admits that his special plea is not sustained by the evidence, but he insists that a former recovery as to the whole or a part of the actionable words contained in the declaration may be given in evidence under the general issue. I can perceive no objection to this course. In *Gilman* v. *Lowell,* (8 *Wend.* 579,) it was said that before *Underwood* v. *Parks,* (*Str.* 1200,) the defendant in an action for slander might avail himself of any defence under this issue. Since, then, if he relies upon the truth of the words spoken in justification, he must plead specially. In other respects the former rule remains. (1 *Chit. Pl.* 528, *m. paging*; *id.* 532, 228; *Vesey* v. *Pike,* 3 *Car. & Payne,* 512.)

Assuming the admissibility of the evidence under the pleadings, it appeared upon the trial that some of the words charged in the declaration in this cause were spoken before, and others after, the commencement of the *first* suit, but none of them were set forth in the declaration in that suit. They were proved however upon the trial of the first cause, without objection, for

the sole purpose of showing the malice of the defendant. The defendant objected to evidence of words so spoken and proved on the *former trial*, and excepted to the decision of the court overruling the objection. The recorder charged the jury "that the plaintiff was entitled to recover for the speaking of any words laid in the declaration in this cause, and *not laid* in the declaration in the *first* suit, notwithstanding such speaking was given in evidence, for the purpose of showing malice, on the first trial." To this charge the defendant also excepted. Neither of the exceptions is well taken. None of the words offered in evidence upon this trial were stated in the declaration, or embraced by the issue, first tried between these parties. Parol evidence to show a recovery for a different cause of action from the one specially stated in the pleadings, did not tend to explain, but to contradict, the record of a former recovery upon which the defendant relied. It was therefore inadmissible for the reasons already suggested.

There is another answer to these exceptions. The evidence was given upon the first trial for a special purpose, with the assent of the defendant. Admitting that the parties could enlarge the issue by a parol agreement, it was no part of their understanding that because the plaintiff proved certain words to show the *quo animo* with which others contained in the declaration were spoken, that therefore he should be estopped from insisting upon them in a subsequent suit, as a substantial cause of action.

The judgment of the supreme court must be reversed, and that of the recorder's court of the city of Buffalo affirmed.

Ordered accordingly.