MASON & CRAIG, Appellants, *vs.* JAMES F. HEYWARD, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Under the Code, which makes provision in certain cases for the Defendant to set up a counter claim, there seems to be no good reason why the claim should not cover all damages which the Defendant may prove that he has sustained from the breach of a contract which is the subject of the action on the part of the Plaintiff. The former practice under the English decisions allowed this plea in diminution or *recoupment* of damages; but this only went to the reduction of damages, or, where the damages proved were large enough, it constituted a bar to a recovery, but did not permit the Defendant to go beyond this and recover a sum from the Plaintiff as damages for the breach of his contract. The old remedy was by cross action for damages for the breach.

A Defendant by pleading a counter claim for damages for a breach of a contract which is the subject of the action, admits a claim against him on the part of the Plaintiff, which he avoids by his counter claim. And by so pleading he tenders an issue upon all the equities existing between him and the Plaintiff, arising out of the contract, and must abide by that issue, whether he be benefitted or prejudiced thereby. He cannot, after an examination of all the equities under such an issue, fall back and claim to defeat any recovery against him on the plea of a non-performance of the contract.

The opinion of the Court contains a statement of the case.

The following are the points and authorities relied upon by the Counsel for the Appellants:

*First.*—That the taking possession of the building by Heyward without objection, was under the circumstances an

acceptance of the work, as substantially performed under the contract.

*Second.*—That the facts found by the referee as shown by his report, show a substantial performance of the work under the contract by the Plaintiffs below and Appellants here.

*Third.*—That the Defendant has by his pleading admitted a substantial compliance with the terms, contract and performance of the work under it, and by claiming damages for the imperfect manner in which he alleged some of the items of the work to have been done, has estopped himself from claiming that there was not a substantial performance of the work, because, unless the work was done there would be no basis for claiming damages for its unworkmanlike performance.

*Fourth.*—That under the facts found by the referee, and it appearing upon the face of his report that there is actually due to the Plaintiff the sum of $617 21, with interest thereon from June 1, 1858, being the balance for the benefits received by the Defendant over and above all set offs against the Plaintiff for damages sustained by reason of Defendants not performing their work under the contract according to the terms thereof, and payments and deductions by agreement of parties as therein before found, the Plaintiffs below were entitled to judgment. *See Paper Book; see Vanderbilt vs. Eagle Iron Works,* 25 *Wend.* 665 ; *Parsons on Contracts, Vol.* 2, *p.* 35 *General Rule ; Heyward vs. Leonard,* 7 *Pick.* 181 ; *Button vs. Turner,* 6 *N. H.* 481 ; *Chitty on Contracts, p.* 569, note 3 ; *W— vs. S—,* 6 *N. H., p.* 15 ; *Cobb vs. Stevens,* 2 *Shep.* 472 ; *Leggitt vs. Smith,* 3 *Watts.* 331 ; *Newman vs. McGregor,* 5 *Ham.* 349 *2d Edition, p.* 286 ; 2 *Smith's Leading Cases note p.* 39, 40, 41 *and* 42 ; 13 *Metcalf* 43 ; 20 *Conn.* 313 ; 1 *Iowa* 406 ; 7 *Blackford* 599 ; 10 *John.* 203 ; *Dyer vs. Jones,* 8 *Vermont* 205 ; *Everett vs. Gray,* 1 *Mass* 101.

*Fifth.*—That the conclusions of law stated by the referee in his report in the case are not supported by the facts found, and are therefore erroneous.

*Sixth.*—That there was error in the order of the Court below in denying the motion made by the Plaintiff for judg-

ment on the referee's report, his legal conclusions to the contrary notwithstanding.

*Seventh.*—That there was error in the entry of judgment on report of said referee.

*Eighth.*—That the judgment was improperly entered for costs and disbursements in the Court below, in that the affidavit of disbursements was insufficient in not having specified the necessity of those disbursements, or that not to exceed two witnesses subpoened to any single point.

The following are the points and authorities relied upon by the Counsel for the Respondent:

*First.*—There is a fatal variance between the allegations of the complaint in this action and the professed written contract offered in evidence, and therefore the paper offered in evidence as the written contract could not properly be received under the complaint, and was therefore properly refused by the referee. *Vide 1st Greenleaf's Evidence, Sec.* 70, 71, 72 *and the 2d Vol., Sec.* 160; 1 *Chitty (marginal)* 110, *top of p.* 309; 8 *John. Reports p.* 253, *Crawford vs. Merrill ;* 15 *Pick. p.* 171; 1 *Chitty's Plead.* 810; 10 *John. R.* 312, *marginal* 313; 1 *Greenleaf's Evidence, p.* 70, *Sec.* 63 *and* 64, *and Sec.* 58; 13 *Wendell Rep. p.* 159, *Champlin & Rawley.*

*Second.*—It appears both from the pleadings and from the evidence given on the trial of this cause, that the work and labor done and materials furnished by Plaintiffs for Defendant, upon which this action was founded, were done and furnished under a special contract in writing and under seal, between the parties, and that the same was not proved or given in evidence upon the hearing, or in any manner admitted by the Defendants except in their answer, and that the contract set forth and admitted in the answer is different and essentially variant from the supposed contract mentioned in the complaint.

*Third.*—That the supposed special contract mentioned and attempted to be set forth in the complaint, was put in issue and has not been produced or proved in any manner.

*Fourth.*—The full and faithful performance of the contract

by and on the part of the Plaintiffs was a condition precedent to be fulfilled to entitle them to maintain an action, and not having performed the contract on their part they cannot recover in the action. *See* 24 *Wend. Rep., p.* 446 *and* 447, *Butler vs. Jackson;* 24 *Wend. Rep., p.* 59, *Laduc vs. Seymour & Wood.*

*Fifth.*—The report of the referee and the facts by him found, are conclusive of the evidence and facts in the case, as a result and conclusion from the facts proved, and the report of the referee takes the place and stands in the relation of a verdict of the jury in the case, and is equally conclusive of all questions of fact involved in the case. *See Rev. Stat., p.* 358, *Sec.* 54; 4 *Barber's Rep.* 168, *Watkins vs. Stevens;* 5 *Barber's Rep.* 469, *Quackenbush vs. Ehle;* 3 *Comstock's Rep.* 168, 172 *and* 173; *Vorhies' New York Code, p.* 346 *and* 347; 7 *Howard's Practice Rep.* 251, *Stuart vs. Taylor.*

*Sixth.*—The report of the referee expressly finds that the Plaintiffs did not and have not performed or fulfilled the contract on their part in any of the particulars mentioned in the same, and therefore are not entitled to recover in the action. *See* 17 *New York Rep.,* 3 *Smith, p.* 173.

*Seventh.*—The report of the referee was correct in respect that the Defendants by taking possession of the building and renting the different apartments of the same, did not in fact or in law, accept of the work of the Plaintiffs under their contract, or approve of the manner in which the same was done, or waive the right to damages for the improper, unskilful and imperfect manner in which a part of the same was performed, and the entire unperformance or failure to do and perform other portions of the work.

*Eighth.*—The report of the referee finds expressly that the Defendant was by the agreement and terms of the contract to retain fifteen (15) per cent. of the entire price, $6,600, until after the Plaintiffs' contract was fully performed and the work completed, and that such fifteen per cent., with the items of damages found for the Defendant, exceeds the whole amount of the Plaintiffs' claim in this action. 17 *New York Rep.* 173, *Smith vs. Brady.*

24

*Ninth.*—That upon the conclusions of fact found by the referee, and the law applicable to this case, the Defendant is entitled to judgment.

Cooper & Jennison and Smith & Gilman, Counsel for Appellants.

M. Lamprey and M. E. Ames, Counsel for Respondent.

*By the Court*—Atwater, J.   The Plaintiffs, Mason & Craig, bring their action in the Court below against Heyward, the defendant, on a special contract for the erection of a certain building for the Defendant in St. Paul.   They allege performance of the contract on their part, and claim a balance from the defendant of $1,225.61.   The Defendant denies in part the contract as set forth in the complaint, and sets up the contract which he says was made with the Plaintiffs for the erection of the building mentioned in the complaint, and sets up as a counter claim damages sustained by him for the default of the Plaintiffs, in performing the contract on their part.   The answer sets up particularly wherein the Plaintiffs have failed to perform on their part, and claims specific damages for each alleged breach, amounting in the aggregate to the sum of $2,589.79.   The Plaintiff replied and the issue thus formed, was referred to John B. Sanborn, Esq., to report upon the whole case.

The referee having heard the proofs of the parties, made a report in full of the facts as found by him, and as the result of his findings stated, among other things, that there remains a balance against the Defendant and in favor of the Plaintiffs of six hundred and seventeen dollars and twenty-one cents, with interest thereon from June 1st, 1858, being the balance of the benefits received by the Defendant over and above all set-offs in his favor against the Plaintiffs for the damages sustained by reason of Plaintiffs not performing their work according to the terms thereof, &c."   But he also found that the Plaintiffs not having completed the contract in accordance with the terms thereof, were not entitled to a judgment in their favor, and therefore found no cause of action against the Defendant.

Upon the filing of this report the Plaintiffs moved for judgment in favor of the Plaintiffs for the above amount found by the referee, notwithstanding his conclusions of law. The motion was denied, and the Plaintiffs appeal to this Court.

The defence in this action, is in principle that of recoupment, although the principle is extended farther under the Code, than was permitted under the old system of pleading. Under the English and New York decisions the doctrine is settled, that where the Plaintiff sues either on a special contract or in general assumpsit, (as on a *quantum meruit* or *quantum valebant*,) the Defendant may allege in diminution or *recoupment* of damages, defect of performance on the part of Plaintiff. This plea, however, only went to the reduction of the Plaintiff's claim, or, where the damages proved were large enough, it might constitute an entire bar to it, but did not permit the Defendant to go beyond this, and recover a sum from the Plaintiff, as damages sustained by the Defendant from breach of the Plaintiff's contract. But under the Code, which makes provision in certain cases for the Defendant to set up a counter claim, there seems to be no good reason why this claim should not cover all damages which the Defendant may prove that he has sustained from the breach of the contract which is the subject of the action, on the part of the Plaintiff. Such is the answer in this case, claiming of the Plaintiff a large sum of damages for his alleged breach of contract.

The argument of Counsel in this case took a wide range, referring to numerous authorities in different States, on the subject of actions on special contracts, from which it is at least apparent that Courts have had great difficulty in settling the rule of law satisfactorily in such cases. The books, from the earliest period down to the present time, are full of nice and subtle distinctions, and contradictory decisions in regard to actions and defences similar to the one at bar. But in the view taken by this Court of the pleadings in this case, it is deemed unnecessary to enter into a particular examination of many of the points raised by Counsel, as they cannot affect the conclusion to which we have arrived.

To the cause of action set up in the complaint two grounds

of defence were open to the Defendant. He was at liberty simply to have denied the performance of the contract on the part of the Plaintiff, in which case, if his allegations were proved, he would have defeated the Plaintiffs' claim, and recovered judgment for his costs. Or he was at liberty to go further than this, and (as he has done) set up a claim for specific damages suffered by him in consequence of the breach of contract on the part of the Plaintiffs, and if he proves such damages amount to more than the Plaintiffs' claim, have judgment for such amount.

In the case first supposed, the Defendant would rely solely on the contract and his rights under it. Under the contract the Defendant could only be required to pay (the last installment, or whole amount specified in the contract) upon the complete performance of the contract on the part of the Plaintiffs. He denies any cause of action. But one single issue would be formed, which, if found in favor of the Defendant, would defeat the action. This was the issue in the case of *Smith vs. Brady*, 17 *N. Y. Rep.*, 173, although the referee in that case went into an examination of the amount of damage sustained by the Defendant from the non-performance of the Plaintiff's contract, a question not raised by the pleadings, as appears from the statement of the case. The Court seems to have decided the case on the issue raised by the pleadings, and the finding of the referee thereon.

The other ground of defence above alluded to, and which the Defendant has in this case adopted, is of a somewhat different character. The Defendant seeks not only to prevent a recovery against himself, but also to recover a certain sum of the Plaintiffs. In one sense, he appears in the character of both Defendant and Plaintiff at the same time and in the same action. Under the old system of pleadings he could not do this, but must resort to his cross action to obtain his damages from the breach of contract. He relies not strictly upon the contract, (for that makes no provision for the recovery of damages by either party for a breach,) but claims under the liabilities imposed by law for a breach of the same. He pleads a *counter*-claim, which, from the nature of the term, admits a

claim on the part of the Plaintiff. The plea is more analogous to confession and avoidance, than a traverse. In *Davidson vs. Remington*, 12 *How. Pr. R.*, HARRIS J. remarks, that, "when a Defendant sets up a counter claim in pleading, he assumes that the Plaintiff has a cause of action against him, and proposes to meet it by establishing another cause of action against the Plaintiff." Or, as it is stated by HAND J., in *Kneedler vs. Sternbergh*, 10 *How.* 67, " a counter claim must be a cause of action, a ' cross demand.' The defendant can have no ' claim,' properly speaking, arising solely out of the Plaintiff's cause of action." If it be a " cross demand," it presupposes a demand on the part of the Plaintiff, well founded, except avoided by this counter claim. And in the case last cited, it is held that a recoupment may be a counter claim.

The doctrine of recoupment, as treated of by jurists, seems to be an innovation upon or departure from the strict rules of law, sanctioned by Courts, for the purpose of doing equity between parties, where it either could not otherwise be attained, or not without a circuitous and expensive process. And this principle, which had crept in under the old system of pleading, has, as before remarked, been extended by the Code, so that a Defendant may now, not only plead in reduction or bar of the Plaintiff's claim, but may even be permitted to establish a claim and recover a judgment for damages against the Plaintiff. But as the Defendant herein enjoys an advantage which he did not before possess, he also incurs a corresponding liability. By pleading his counter claim, he consents to put in issue all the equities between the parties. If he insists that the Court shall examine the question as to the *amount* of damage he has sustained from the non-performance of the contract by the Plaintiffs, rather than rest his case simply on the ground of non-performance, he should be held to the issue he has tendered, whether he be benefitted or prejudiced by the finding. Otherwise, the rule would work injustice to the Plaintiff. It would permit the Defendant to put in issue certain matters, outside the contract, which, if found in his favor, would prove to his benefit. If found against him (as in this case) he would suffer no prejudice, but, abandoning the issue tendered by him,

fall back, and claim to defeat the recovery of the Plaintiff at all, on the plea of non-performance of the contract. Such a course would subject parties to the expense of examining what would usually be the most lengthy and tedious issue in cases of this kind, for the benefit of one party only. We cannot perceive that such a rule would tend to promote justice and equity, and do not find that it has the sanction of legal authority.

We do not understand that this view conflicts with the ruling in the case of *Smith vs. Brady*, 17 *N. Y.*, above referred to, nor that that case is opposed to the doctrine of recoupment as established in that State by numerous decisions. The issue there was simply whether the Plaintiff had performed his contract, and this issue having been found against him, the Court held that he could not recover. We understand that case to hold a different doctrine from that approved in *Hayward vs. Leonard*, 7 *Pick.* 181; *Smith vs. The First Congregational Meeting House in Lowell*, 8 *Pick.* 178, and *Britton vs. Turner*, 6 *N. H.* 481, and in the opinion of this Court, the rule established in New York is correct. In the case last cited, the Plaintiff had agreed to work for the Defendant one year, and the Defendant was to pay for that labor one hundred and twenty dollars. The Plaintiff abandoned his contract *without cause* before the year was out. And yet the Court held that he could recover as much as the labor was reasonably worth, there being no evidence of any special damages sustained by the Defendant in consequence of the non-performance of the contract. Such ruling does away entirely with the binding force and obligation of contracts, and practically amounts to the insertion of a clause by the Court, of this import, namely, "that a breach of the contract by either party shall not be regarded, unless the other can *prove* special damage arising therefrom." We are unwilling to sanction the growing disregard for the obligation of contracts which has sometimes found countenance, even in Courts of justice. Where a party willfully, or without cause, refuses to complete a contract which he has made, upon the execution of which he has entered, Courts should never interfere to protect him from the consequences of his own wrong. And had the Defendant in this case simply plead non-

performance of the contract on the part of the Plaintiffs, there seems little doubt from the finding of the referee, that he would have been entitled to a verdict in his favor.    Under the issue, however, which he has tendered, and the finding of the referee, that there "remains a balance against the Defendant and in favor of the Plaintiffs of $617.21, being the balance of benefits received by the Defendant, over and above all set-offs in his favor against the Plaintiffs," &c., there must be judgment in favor of the Plaintiffs for the above amount found by the referee.