THE TOLEDO NOVELTY WORKS, Appellant, vs. ISAAC BERNHEI-MER, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Under the act of August 12, 1858, to create a lien in favor of mechanics and others, a lien can only arise in favor of the original contractor, or those who may stand in his place, under the contract for the erection and repair of the building.

Under that act, no personal action can be maintained against the owner by a sub-contractor, unless it be shown that at the time of notifying said owner of the amount of the claim as required in said act the said owner was indebted to the contractor on account of the work done, and to be done under the contract, or unless it be shown that the owner has colluded with his contractor in the manner set forth in section 6 of said act.

Points and Authorities for Appellant.

I.—The Appellants in this case fully complied with all the requirements of the Mechanic's Lien Law of this State, approved March 20, 1858, and August 12, 1858, to entitle them to a lien ; and we insist that the lien law of March 20, 1858, has never been repealed.

" Two statutes shall stand together, and both have effect, if possible ; for the law does not favor repeals by implication, and all acts *in pari materia* should be taken together as if they were one law." When there is a difference in the whole purview of two statutes, apparently relating to the same subject, the former is not repealed. 9 *Cowen*, 507 ; 5 *Hill*, 221 ; 3 *T. R.*, 569 ; 15 *East.*, 371; 1 *Kent's Com.*, 464.

II.—The agreement of date, November 5, 1858, between the contractor, James F. Heyward and the owner, this Respondent, for the erection of Bernheimer's block, in the city of St. Paul, in consideration of the sum of thirteen thousand

five hundred dollars, to be paid by said Bernheimer, in ten installments, as therein provided, set up in the complaint, folios 18 and 28, is fully admitted in the answer, and must be taken as true as pleaded in the complaint. The evidence, in this case, folio 103, shows that Bernheimer's block was nearly done, October 12, 1859, and, in folio 105, that it was entirely completed on the 12th of November, 1859, and in folio 104, that it did not cost over $1,900 to complete the building after Bernheimer took possession of it on the 13th day of October, 1859 ; also in folio 105, that the tenth and last installment of the contract price has never been paid by said Bernheimer, who accepted and rented the building.

Therefore, as soon as the Bernheimer block had been completed, at the cost of said Heyward, as provided in the aforesaid agreement, folio 26, the Respondent became liable to pay the whole of the sum of $13,500 remaining unpaid, and such balance thereof became due and payable. His Honor, the Judge, who tried this cause, therefore erred in finding "no testimony sufficient to show" a balance due from said Bernheimer. (See folio 140.)

III.—The Appellants delivered to said Bernheimer, on the 12th day of October, 1859, an attested account of the amount and value of the materials furnished by them, as required by section two of the act of August 12, 1858, (folio 138,) and yet the Respondent paid over on that day seven or eight hundred dollars of the money due on his contract, in advance (see folio 105 of this case), contrary to sections five and six of said act.

IV.—The answer in this case sets up a counterclaim, for the non-performance of the contract at the time stipulated, in the sum of two thousand dollars, and thereby tenders an issue upon all the equities arising out of the contract. The Respondent, therefore, cannot claim to defeat a recovery against him, on the plea of a non-performance of the contract, which provided that the building should be completed, at the cost of the contractor, and which was actually done, as therein provided. 3 *Minn.*, 182.

V.—A party cannot recover damages for non-performance, and enforce the performance of a contract. He who seeks to

recover damages for non-performance, waives performance, and takes them in full satisfaction therefor. 18 *Johns.*, 219. Acceptance is a waiver of objections, by reason of non-fulfillment, at the time appointed. 1 *Johns. Ch.*, 369 ; 2 *Parsons*, 172, *and notes.*

VI.—When damages are regulated by any rule of law, or can be readily ascertained by a jury, and are susceptible of proof, the stipulation of a certain amount as damages will be held to be merely a penalty. 2 *Minn.*, 368 ; 3 *Johns. Cases*, 297 ; 5 *Cowen*, 144 ; 1 *Denio*, 464 ; 16 *N. Y*. *Rep.* 275.

Morris Lamprey, Counsel for Appellants.

Smith & Gilman, Counsel for Respondent.

*By the Court*—Atwater, J.—The Toledo Novelty Works, the Plaintiff below, furnished certain materials under a contract with one James F. Heyward, for the erection of a building in St. Paul, known as " Bernheimer's Building," and owned by Defendant Bernheimer. The materials were furnished for, and used in the erection of said building in 1859. Heyward was the contractor with Defendant for the erection and completion of said building. The action was brought to recover of Defendant the value of the materials, and to make the same a lien upon the building. The cause was tried by the Court, who found in favor of Defendant. The Plaintiff appealed to this Court.

The Court found, as a conclusion of law, " that the claim of Plaintiff, upon which this action is founded, is to be determined under the provisions of the act to create a lien in favor of mechanics, and others in certain cases, passed August 12, 1858 ; and that by the provisions of said act, no claim like the Plaintiff's can be or is a lien upon the lots or land of the owner thereof; that a lien only can arise in favor of the original contractor, or those who may stand in his place, under the contract for the erection or repair of the building."

There was no error in this conclusion of the Court below. Section one of the act of August 12, 1858, (*Comp. Stat.*, *p.* 696,) only gives a lien to the person performing the labor, or

furnishing the materials, "by virtue of a contract or agreement with the owner or agent thereof." This clause does not appear in previous lien laws which had been in force in this State. For what object this limitation was made, is not very apparent. But a lien of this kind only exists by virtue of the statute. It is not a common law right. A person, to avail himself of it, must show himself within the provisions of the statute.

It is urged by Appellant, that the lien law of March 20, 1858, has never been repealed. That two statutes shall stand together, and both have effect, if possible ; for the law does not favor repeals by implication. This latter proposition may be true as matter of law, but is not applicable, I think, to the facts disclosed by the case. Section nineteen of the act of August 12, 1858, provides that "all acts and parts of acts inconsistent hereunto are hereby repealed." The act of March 20, 1858, gave a much more extensive right of lien than that of August 12th, and therein is inconsistent with the latter. If nothing had been said in the act of August 12th, on the subject of repeal, the question would properly arise, whether the two could stand together, and force be given to the provisions of the act of March 12th. But the terms of section nineteen, above cited, leave no room for doubt that the Legislature intended to limit the right of lien to the persons named in the last act. The authorities cited only go to sustain the proposition stated by Appellant, and have no bearing upon the case, unless the principle itself is applicable.

The Appellant not being able to claim a lien, the next question presented is, whether the Defendant is liable personally upon the facts disclosed by the case. The Court has found, as a conclusion of law, "that no personal action can be maintained against the owner by a sub-contractor, or other person than those last aforesaid, unless it be shown that at the time of notifying said owner of the amount of the claim as required in said act, the said owner was indebted to the contractor on account of the work done, and to be done under the contract, or unless it be shown that the owner has colluded with his contractor in the manner set forth in section

six of said act." The Court also found as matter of fact, " that there is no testimony sufficient to show what amount or balance (if any) was due or owing from (to ?) the said Heyward, or the said executrix, to (from ?) the said Defendant on the said 12th day of October, 1859, or subsequently thereto, on account of said contract," &c.

The answer in this case admits the contract set up in the complaint, but alleges a breach of the same on the part of the contractor, and denies nearly all the other substantial averments of the complaint. It claims that the said Heyward became indebted to the Defendant by the terms of said contract, in the sum of $2,000 as liquidated damages, which is claimed as an offset or counterclaim to any sum that might be due Heyward on the said contract.

The Appellant failed to prove that Heyward had erected the building in accordance with the terms of the contract. But he claims that inasmuch as the contract is admitted by the answer, the contract price being $13,500, and that the building was nearly completed on October 12, 1859, when the Defendant took possession of the same, and that it is shown that the price of completing the same by Defendant was only $1,900, the whole of the last payment, at least, ($3,600) was due the contractor, less the amount paid by Defendant, after he took possession.

But if the Appellant relies upon the contract to substantiate his claim, he must take it entire, and cannot claim those parts favorable while he rejects the balance. He cannot claim the stipulated price provided in the same, and at the same time ask to be relieved from the stipulation in regard to the breach of the same. The Appellant urges that the stipulated amount of two thousand dollars damages for breach of the contract, must be regarded as a penalty. If this be true, it cannot avail the Appellant, inasmuch as it does not appear that Heyward, the party affected by the penalty, asks to be relieved from it. The Court certainly will not interfere to relieve him from the effect of his own agreement, until upon a proper presentation of the facts he asks for such relief. *Bidwell vs. Whitney*, 4 *Minn.*, 76 ; *Pross vs. Dahl*, 6 *Minn.*, 89. So far as the pleadings are concerned, there are no

admissions that any amount was due Heyward, from the De-
fendant, at the time the Plaintiff served upon him notice of
his claim, and the fact, if it exists, must be established by
the evidence in the case. The case of *Mason & Craig vs.
Heyward*, 3 *Minn.*, 182, is not analogous to the one at bar,
since here there is no dispute on the part of the contractor as
to the amount of damages he should pay for the breach of his
contract.

Referring to the evidence, I see no ground to disturb the
finding of the Court, " that there is no testimony sufficient to
show what amount or balance (if any) was due or owing to
Heyward from the Defendant, on the said 12th day of Octo-
ber, 1859, or subsequently thereto," &c.    All the evidence we
find on this point is contained in the testimony of Fitzpat-
rick, and is as follows, viz:   " Prior to October 12, 1859, the
first seven payments mentioned in the contract secondly set
up in said complaint had been made and those sums paid.
Said Wipperman was the agent of the Defendant to pay
money on the contract between said Defendant and said Hey-
ward, and 1 think he retained four or five hundred dollars
back, out of the eighth or ninth of such payments mentioned
in said contract.   He also testified that it did not cost over
nineteen hundred dollars to complete the building after the
Defendant took possession of it.

The complaint sets up that the contract required the pay-
ments to be made in ten installments, as the work progressed.
The last installment was the sum of $3,600, to be paid upon
the entire completion of the building.   It appears that the first
seven installments were paid prior to October 12, 1859.   When
the eighth and ninth were made does not appear, except that
the witness states that Defendant paid, on the 12th of October,
1859, seven or eight hundred dollars, on bills furnished before
that time.    But it is not shown that this payment was made
after service of notice of Plaintiff's claim on Defendant; which
is also alleged to have been on the same day.   The two thou-
sand dollars stipulated damages for breach of the contract,
and the $1,900 cost of finishing the building by Defendant,
would exceed the amount of the last payment.   I think it de-
volved upon the Plaintiff to show that there was an amount

due from the Defendant to the contractor, at the time he served notice of his claim upon Defendant, or that an amount subsequently became due upon, or on account of the contract. Having failed to show this, there was no error in the finding of the Court below, and the judgment must be affirmed.