Emery Mapes

*v.*

## The Board of Commissioners of Olmsted County.

The column headed "Where Situated," in the reception books required to be kept by registers of deeds under Sec. 22, pages 156–7, and Sec. 35, page 159, Pub. Stat., is required to contain a description of the land, which is the subject of the instrument entered.

The register of deeds is not entitled to compensation from the county for keeping "reception books," unless the column referred to is filled up as required by law.

The plaintiff brought this action to recover compensation for keeping reception books, as required by Sec. 22, pages 156–7, and Sec. 35, page 159, Pub. Stat., while register of deeds of Olmsted county. Issue was joined, and the cause was tried by the court without a jury. In the decision, the facts are found as follows: "That the plaintiff was the register of deeds, etc., * * * and as such register, kept books in his office called 'reception record,' and that said reception record was not kept in accordance with the provisions and regulations of the statute, in this: that said reception record did not in any manner show where the land described in the several instruments in said reception record referred to, was situated, and that in the grantors' portion of said reception record, it does not in any manner appear to whom was delivered the several instruments therein referred to."

Upon these facts the court found as a conclusion of law "that the plaintiff is not entitled to recover from the defend-

ant in this action pay for keeping said reception record, and that the defendant is entitled to judgment against the plaintiff herein, for the disbursements in this action."

Judgment was entered pursuant to such decision, and the plaintiff appeals to this Court.

CHARLES C. WILLSON, for appellant.

R. A. JONES, for respondent.

*By the Court*—BERRY, J.—This action is brought by a register of deeds of Olmsted county, to recover compensation on a *quantum meruit*, for keeping reception books, under Sec. 22, pages 156–7, and Sec. 35, page 159, Pub. Stat.

I. The defense consisted in part of the fact that these books had not been kept in compliance with the requirements of Sec. 22. This defense was not specially set up in the answer; but as the action is upon a *quantum meruit*, and the books, upon the face of which the alleged defects were patent, were introduced in evidence by the appellant himself as a part of his case, and further testimony as to these defects was elicited from one of the appellant's witnesses on cross-examination without objection; so that for these, as well as other reasons appearing on the record, it is evident that the trial below was conducted on the theory that the question as to whether the books were kept in accordance with the statute, was in issue, and it was tried. We think this matter of defense is properly in the case.

II. Sec. 22 provides, among other things, that the reception books shall show *where* the property which is the subject of the conveyance, etc., in any given case, *is situated*. The books in this instance contained no entry of that kind. In *Hough v. The Board of Co. Commissioners of Ramsey Co.*, 9 Minn. 23, the facts found showed that the register in that case had made "*the proper and requisite entries*" in the reception

books; on which finding this Court held that he was entitled to compensation from the county.

We concur in the view expressed by Justice Atwater in that case, that these books are kept for public accommodation, and not exclusively or specially for the convenience or benefit of the parties to a conveyance. They answer to a considerable extent, the purpose of abstract books. If properly and carefully kept, they furnish valuable assistance in making searches, and in this view of the matter, there could, for obvious reasons be no entry more valuable or more important than that which was intended to describe the situation of the land conveyed. It was suggested on the argument that the only case in which such entry could be important, would be where one county was attached to another for registration purposes, and that *then* it would be sufficient to designate the name of the *county* where the premises were situated. The suggestion is ingenious, but we think it will not bear examination. Here was a general law, applicable to the state at large, and the instances in which one county was attached to another, were exceptional. To say that this general requirement of an entry of the kind under consideration, was to be complied with only where two or more counties were attached together, is unreasonable. If the Legislature had intended that this part of the law should be operative only in such comparatively rare and exceptional cases, that intention could readily have been expressed. We think the column headed "where situated" was designed to contain a description of the land, so that any person making a search, could ascertain from the reception books whether a grantor had made any conveyance, &c., of the particular tract of land, the title to which the searcher was interested in examining. The reception books are intended to be a tolerably complete index to the records, rendering the investigation of titles comparatively easy. In the case at bar, the books contained no entry whatever in the column referred to. They were not therefore kept as required by law, and the defect was

vol. XI.—24

substantial. The Register is entitled to no compensation. The law under which he makes his claim, imposed upon him particular duties with regard to each instrument left for record, &c. No compensation was fixed, but so far as the *acts* which he was to perform were concerned, the statutory obligation was in the nature of a special contract for specified services. The Legislature deemed it advisable that reception books should be kept *in the manner prescribed by law*, and if they were *so kept*, then under the same law, the county was bound to pay the expenses. For any thing short of that the county was not bound to pay.

If it should be held that the entries required to be made in reference to any one instrument constituted an entirety, and that if the law had been followed as to any one instrument that there might be a recovery *pro tanto*, still this action must fail, for it appears that as to no one of the instruments recorded during his term of office, was any entry whatever made in the column spoken of. The principle involved is the same as, or analagous to, that involved in the case of a private contract, where a person has undertaken to do a specified piece of work, but has left it unfinished, without excuse, and without any attempt, (which the law can recognize,) to complete in good faith. That no recovery can be had under such circumstances, is clear. Sedgwick on Dam. 3d Ed. 215, 221, and numerous cases cited in note ; 2 Parsons on Cont., 5th Ed. 34, 40, 139, 521; Edwards on Bail., 359 ; 9 Cushing, 484; 9 N. Y. 93; 3 N. Y. 173; 20 N. Y. 486; 22 N. Y. 162; *Mason & Craig v. Heyward*, 3 Minn. 190. Under the qualifications of this general principle, that a waiver of complete performance, or an acceptance of imperfect performance, will entitle the workman to recover, it is insisted by the appellant that he was the servant and agent of the respondent, and that the books as kept, were accepted by them, and are now part of the records of the county.

He was the servant and agent of the county in the same sense that any county officer is, but this fact throws no light on the question at issue. He was register of deeds, and as such had assumed to discharge certain official duties, which he failed to perform. Certain books had been put into his hands; books which had been provided and paid for by the county, for particular purposes, specified by law; these books were and are the property of the county; if he has seen fit to make entries in them, but not in accordance with the statute, the fact that the county retains its own books does not amount to an acceptance (even if that were important) by the county of his services, so as to raise any statutory or implied obligation to remunerate him. See *Smith v. Brady*, 3 N. Y. 173; *Cunningham v. Jones*, 20 N. Y. 486.

Judgment affirmed.