JOHN A. ROEBLING SONS' CO. *v.* FIRST NAT. BANK OF RICHMOND, VA., and others.

*(District Court, D. West Virginia. January Term, 1887.)*

1. INJUNCTION—TRESPASS BY CORPORATION—IRREPARABLE MISCHIEF.
   A court of equity will not interpose by injunction to prevent a corporation, that is guilty of a trespass, from a repetition of the same; it must be shown that there are sundry persons controverting the same right, each standing on his own ground; and that their acts work irreparable mischief.

2. SAME—PLAINTIFF NOT STOCKHOLDER.
   To entitle a party to relief by injunction against the illegal or fraudulent proceedings of corporate officers, the party seeking relief must be a stockholder of the corporation.

3. BANKS AND BANKING—NATIONAL BANK—POWER TO CUT TIMBER TO COLLECT DEBT SECURED ON LAND.
   A national bank that has loaned money on timber land may, to protect itself and collect the debt, purchase the land at foreclosure sale, and cut and sell the timber.

In Equity.
*Mr. Quarrier*, for complainant.
*Brown & Ferguson*, for defendants.

JACKSON, J.   The complainant files its bill against the defendants, and prays for an injunction upon two grounds: *First*, that the defendants are trespassers upon complainant's property, committing daily acts of trespass, whereby these acts become a continuous trespass; *second*, that one of the defendants is a national bank, organized under the national banking laws, which restrain and inhibit it from doing any other business than a legitimate banking business.

As to the first ground; the case made by the bill shows that the New River Coke Company, a corporation doing business in Fayette county, West Virginia, is the owner of a tract of land in fee, on New river; and that it "made, executed, and delivered" to the complainant a lease for a portion of the tract "bounded between the Chesapeake & Ohio Railroad on the one side, and the center of New river on the other side;" that, notwithstanding the fact that said company is seized in fee of this tract of land, the defendants are erecting a wire tramway across these lands without its consent, for the purpose of transporting timber over such tramway; that such acts upon the part of the defendants are trespasses; and that the repetition of them daily, is in law a continuous trespass, and that for this reason the defendants should be restrained from building and using the tramway over the lands of complainant.   The defendants appear and oppose the granting of the injunction, and file their answer, to be used as an affidavit upon this motion, denying that the complainant has legal right to the possession of the land, and in it, setting up other reasons, supported by affidavits of other persons, why the injunction should be refused.   Under the view we take of the question raised, it is only necessary at this time to consider the case made by the bill.   It must be conceded that the case made by the bill, presents the question whether a

court of equity will use its power to restrain a wrong-doer in committing acts, which in law amount to nothing more than pure naked trespasses, where there is no allegation in the bill charging irreparable injury, and that there is no adequate remedy at law. It is a fundamental principle that equity will not interfere to stop the commission of trespass when adequate relief can be had at law by compensation in damages. To this general doctrine there are undoubtedly some exceptions, one of which is, that equity will interfere where the acts of a wrong-doer are of daily occurrence, and are in law, a continuous trespass, such as would provoke a multiplicity of suits to compensate the injured party by damages against the trespasser. Conceding this to be the law, is this case, as made upon the bill, within the exception stated? We think not. Mr. High, who is justly held by the profession as standard authority as a text writer, says that the necessity of preventing a multiplicity of suits affords an exception that will warrant the interference of the strong arm of equity, even though there be a remedy at law. But he further says that to warrant interference in such case there must be *different* persons assailing the same right, and the principle upon which the relief is granted has no application to a repetition of the same trespass by one and the same person, the last being susceptible of compensation in damages. For this position the author cites some two or three adjudications, to one of which we have access, which fully sustains this view of the law. *Hatcher* v. *Hampton*, 7 Ga. 50. In that case the court announces that a court of equity "will interfere by injunction to avoid a multiplicity of suits when there are sundry persons controverting the same right, and each standing upon his own pretensions, but it will *not* interfere to restrain a person merely because he is guilty of a repetition of the same trespass, provided the case is abundantly susceptible of compensation in damages." We think the law as here stated should govern the case under consideration. It is true, in this case there are two defendants, but it is equally true that the defendant bank claims under the defendant Donaldson, and in this respect the pretensions of both are the same, and each one is not standing upon his own or different positions, but they are resting their defense upon a common ground; the defendant Donaldson is in nowise a principal in interest in the controversy, but merely the agent of the defendant corporation. It thus appears that there is but one defendant in interest, and, as we understand the law, a court of equity will not in such case interpose by injunction to prevent a person who is guilty of trespass from a repetition of the same. In the case referred to in 7 Ga. 50, the judge who spoke for the court said: "It has never been supposed that because one person chooses daily to pull down the fence of another, and turn his stock into his fields, that this would authorize the courts of chancery to restrain the intruder by injunction." Applying the rule of law as stated, this case does not come within the exception. There is in reality but one defendant in this case, and, although there is an allegation in the bill that there is a daily repetition of the acts of trespass, yet, as we have seen, to give a court of equity jurisdiction to restrain the commission of a repeated trespass, there must be an allega-

tion charging that there are sundry persons controverting the same right, and each party standing on his own ground. As we have before remarked, this is a purely naked trespass unaccompanied by any peculiar circumstances, the mere commission of which does not work irreparable mischief, and therefore furnishes no ground for an injunction. High, Inj. (2d Ed.) §§ 700, 701; *Hatcher* v. *Hampton, supra; Schurmeier* v. *Railroad Co.,* 8 Minn. 113, (Gil. 88.)

The second ground of complaint stated in the bill is that the acts of the defendant corporation are *ultra vires*,—not only unauthorized by its charter, but inhibited by the national banking act under which it is organized. It appears that the bank had loaned to the defendant Donaldson a large sum of money to engage in the lumber business in West Virginia; that subsequently he became embarrassed, and the bank, with a view of saving its debt, secured a deed of trust upon all of his property, which deed was foreclosed, and the bank purchased the property, and was compelled by its agent to conduct the business with a view of reimbursing itself out of the proceeds of the business, the money it had loaned. It may be conceded that there is no express power in the charter of this corporation that would authorize it to conduct a business outside of its legitimate business as a banking institution; but there is connected with all corporations certain implied powers, which are incident to the express powers, and without which no corporation can successfully transact business. In this instance we see but an effort upon the part of the bank to secure and collect a debt due it. No one will question the right of a bank to lend its money in the manner authorized by its charter; as a consequence it must have the power to collect it, and, as incident to the exercise of such power, the right to secure and save the debt. We think this view is well sustained by authority. *First Nat. Bank* v. *National Exchange Bank,* 92 U. S. 122; 1 Wood, Ry. Law, § 169. But if this were not the law, still we do not think the plaintiff entitled to an injunction on this ground. The law is well settled that, to entitle a party to relief by injunction against the illegal or fraudulent proceedings of corporate officers, the party seeking relief must be a stockholder of the corporation. 2 High, Inj. (2d Ed.) § 1228. In this case the plaintiff is in nowise connected with the corporation, and for this reason we must refuse the relief prayed for. Injunction refused.