CAMPBELL PRINTING PRESS AND MANUFACTURING COMPANY, Respondent, *v.* STILLMAN R. WALKER, Appellant.

The estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, were comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. It is not necessary that issue should have been taken upon the precise point controverted in the second action.

T. purchased three printing presses of plaintiff under a written agreement, which provided for a settlement by notes within one year; also, that the buyer should give a policy of insurance on the purchase and security for the payment made by note, and that the title to the presses should remain in plaintiff until payment was made or security given for the deferred payment. T. did not give a policy of insurance, nor did he give any security for notes executed by him under the contract; these were renewed from time to time at his request, and before payment he made an assignment to defendant for the benefit of creditors. In an action to recover possession of the presses, *held*, that the giving of the notes did not operate as payment; that, under the contract, no title passed until security was given or payment made in full; and that plaintiff was entitled to recover.

(Argued March 6, 1889; decided March 19, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 18, 1887, which affirmed a judgment in favor of plaintiff, entered on a verdict directed by the court.

The nature of the action and the facts are sufficiently stated in the opinion.

*George W. Stevens* for appellant. The several transactions having been resolved into a single one, the judgment in action No. 1 is a bar to this action. (*Secor* v. *Sturgis,* 16 N. Y. 548; *Baird* v. *United States,* 96 U. S. 430; *Jex* v. *Jacob,* 19 Hun, 105.) A court or referee can only render a decision that will be binding or effective to the extent only that it is within the issues. (*Remington Paper Co.* v. *O'Dougherty,* 81 N. Y. 474.) If plaintiff saw fit to accept the notes without security, it thereby waived the requirement of the contract in that regard.

(*Smith* v. *Lynes*, 5 N. Y. 44.) While, for the purpose of arriving at the intention of the parties, the law permits evidence to be adduced showing the facts attendant upon and circumstances under which a contract in writing is executed, it rigidly excludes, except in cases of latent ambiguity, the conversations which led up to it. (*Reynolds* v. *Commerce Fire Ins. Co.*, 47 N. Y. 606; *Blossom* v. *Griffin*, 13 id. 573; *La Farge* v. *Reckert*, 5 Wend. 187; *P. S. B. Co.* v. *U. P. S. B. Co.*, 109 U. S. 672; *Gavinzel* v. *Crump*, 22 Wall. 308; *Emerson* v. *Slater*, 22 How. 28; *Oelricks* v. *Ford*, 23 id. 49; 2 Parsons on Contracts, 77, note *z*.)

*Charles De Hart Brower* for respondent. The contract set forth in the complaint has never been abrogated or merged into a new contract. (*Zimmerman* v. *Erhard*, 83 N. Y. 74, 78; *Millard* v. *M., K. & T. R. R. Co.*, 86 id. 441; 2 Jones on Mort. § 934; *Jagger Iron Works* v. *Walker*, 76 N. Y. 521; *Nat. Bk.* v. *Morgan*, 6 Hun, 346; 2 Danl. Neg. Instr. § 1260; 1 id. § 206; *Boxheimer* v. *Gunn*, 24 Mich. 372; *Nightingale* v. *Chaffee*, 11 R. I. 600; *McGuire* v. *Gadsby*, 3 Cal. 234; *Hill* v. *Beebe*, 13 N. Y. 556; *Eldredge* v. *Strenz*, 2 J. & S. 491 [499].) The judgment-roll in action No. 1 is conclusive against appellant's contention that the former recovery was upon the same cause of action now sued on. (*Campbell* v. *Butts*, 3 N. Y. 173; *Stowell* v. *Chamberlain*, 60 id. 272; 2 Herman on Estop. and Res Adjudicata, § 1271; *Griffin* v. *L. I. R. R. Co.*, 102 N. Y. 449, 452; *Pray* v. *Hegeman*, 98 id. 351, 358; *Castle* v. *Noyes*, 14 id. 329; *H. F. S. Assn.* v. *Mayor, etc.*, 3 How. Pr. 448.) The title to the printing presses in question has never passed out of the plaintiff. (*Parshall* v. *Eggert*, 54 N. Y. 18; *Coyne* v. *Weaver*, 84 id. 386, 390.) Where a word may apply equally to any one of several things, the sense in which both parties used the word may be shown by parol. (1 Greenl. on Ev. § 295a, note 1; *Thorington* v. *Smith*, 8 Wall. 1, 12; *Gray* v. *Harper*, 1 Story, 574; *Almgren* v. *Dutilh*, 5 N. Y. 28; *M. P. Co.* v. *Moore*, 104 id. 680.) To take a case to the jury there must be evidence

upon which a jury can properly proceed to find a verdict for the party producing it. (*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341, 359.)

HAIGHT, J. This action is one of replevin, brought to recover the possession of three printing presses. The defendant is assignee for the benefit of creditors of Frank Tousey, and the presses in suit came into his possession as such assignee. Tousey had purchased the presses of the plaintiff and agreed to pay therefor the sum of $8,700. The agreement was in writing, and bears date November 26, 1881, and contains the following provisions: " Settlement to be made by notes within one year, and interest; the buyer to furnish, at his own cost, proper and suitable foundation; policy of insurance to be given on the purchase, and security for the payment made by note. It is agreed that the title to the above-described property remain in the seller until the payment has been made or security given for the deferred payments as above agreed."

The defendant had at this time purchased other presses of plaintiff, on five different occasions, and thereafter purchased still other presses under a subsequent contract, dated December 15, 1881, making in all fifteen presses. The contracts in each case containing provisions similar to those quoted.

In addition to the fifteen presses purchased of plaintiff, Tousey had also purchased two presses from one Ovens, who had purchased them of plaintiff under a similar arrangement, but had not completed the payments therefor, and Tousey assumed and agreed to pay the balance remaining unpaid thereon. In December, 1883, plaintiff gave Tousey a certificate to the effect that five presses had been paid for in full, which included the two presses sold to Ovens and three to Tousey under the earlier contracts. Tousey gave notes to the plaintiff for the amounts of the several purchases.

After the last purchase was made he was unable to make the payments on the notes falling due, and applied to the

plaintiff to renew the same, which was done. They waited until a number of the past-due notes had accumulated and divided up the amount thereof, giving smaller notes. This process was continued until Tousey made his assignment to the defendant, at which time his indebtedness to the plaintiff amounted to upwards of $30,000, and was represented by notes of about $200 each, maturing weekly.

At the time this action was brought, plaintiff commenced four other similar actions, each being for the presses delivered pursuant to one of the last five contracts. The action that was brought to recover the four presses delivered under the last contract has duly proceeded to judgment, and that judgment the defendant has pleaded in bar of this action.

After the evidence was closed the defendant requested the court to charge the jury, " that if the jury find that it was understood between plaintiff and Frank Tousey that all of the presses which had been delivered by the former should be considered as delivered under a single contract, so that the title of all was to remain in the vendor, the plaintiff, until the agreed price of all should be paid, they must render a verdict for defendant."

"*Second.* If there was any such understanding as to the twelve presses which remained unpaid for after the release of five in December, 1883, they must find for the defendant; and

"*Third.* The jury may find such understanding existed from the acts of the parties."

The court refused to charge either of the propositions, and to such refusal the defendant excepted. The court thereupon directed the jury to find a verdict for plaintiff, that the title was in the plaintiff and not in the defendant; that the plaintiff retain the possession of the property, to which direction exception was also taken by the defendant.

It is contended, on the part of the appellant, that the court should have submitted these questions to the jury, and that the exceptions taken upon such refusal necessitates a reversal of the judgment. The determination of this question involves a careful consideration of the evidence, and a determination as

to whether there was any subsequent arrangement between the parties by which the five contracts became amalgamated into one contract so that the title to the twelve presses would remain in the plaintiff until the entire amount owing by Tousey to the plaintiff was paid.

We have not thought it necessary to determine this question, for the reason that we consider it disposed of by the facts found by the referee upon the trial of the former action, which the defendant has pleaded in bar to this action, the record of which was put in evidence by him. In that action the referee found that the acceptance of new notes for each ascertained balance of account was for the accommodation of Tousey by way of extension of the time of payment of the purchase-money, and that the parties did not intend thereby to modify in any respect the terms of the contract in reference to the presses in suit, beyond extending the time.

In that action the complaint alleged the sale by plaintiff of four printing presses to Tousey, under a contract containing similar clauses to those contained in the contract in this action; the execution and delivery of promissory notes for the purchase-price; the renewal of the notes when they became due; the amount that was unpaid upon such renewal notes; that payment had been demanded and refused. The defendant in his answer, among other things, denied that the presses were delivered to Tousey in pursuance of the contract alleged in the complaint, and alleged that the presses were held under an arrangement which he has set forth in his answer, and denied that he had any knowledge or information sufficient to form a belief as to the allegations in the complaint that when the several installments became due and payable, the plaintiff, at the request of Tousey, and upon receiving payments on account of the same, extended the time of payment of the several installments, and continued so extending the time of payment of the balance of the purchase-price until the 22d of May, 1885, and that there is now unpaid on account of the aforesaid purchase-price, the sum of $8,000 and upwards, etc.

It thus became necessary for the court in that action to determine whether the presses were delivered under the contract alleged in the complaint, or under an arrangement as claimed by defendant; and, also, as to whether the payments had been extended at the request or for the accommodation of Tousey. This was done by the finding referred to, in which the referee, as we have seen, has expressly found that the payments were extended for the accommodation of Tousey, and that there was no modification of the written contract set forth in the complaint. It, therefore, appears to us that the finding was material and embraced in the issue joined.

We regard the rule as well stated by Andrews, J., in the case of *Pray* v. *Hegeman* (98 N. Y. 351–358), in which he states " that the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, and whether they were or were not actually litigated or considered. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action." (*Campbell* v. *Butts*, 3 N. Y. 175; *Embury* v. *Conner*, Id. 511–522; *Castle* v. *Noyes*, 14 id. 329; *Stowell* v. *Chamberlain*, 60 id. 272; *Dunham* v. *Bower*, 77 id. 76; *Griffin* v. *L. I. R. R. Co.*, 102 id. 449.)

The case of *Remington Paper Company* v. *O'Dougherty* (81 N. Y. 474) is not in conflict with the rule here stated.

It is contended that under the terms of the contract under which the presses were delivered that the title passed to Tousey upon his delivering to the plaintiff promissory notes for the amount of the purchase-price; that under the contract the notes operated as payment. This question must be determined from the provisions of the contract, unless the same are ambiguous. It appears, as we have seen, that a policy of insurance is to be given on the presses and security for the payment made by note, and it is agreed that the title to the

property remain in the seller until the payments be made or the security given for the deferred payments as agreed.

It does not appear to us that there can be any doubt as to the intention of the parties as expressed in this agreement. Security is to be given for the payment made by note. The giving of notes is not sufficient. The notes must be accompanied by security. If no security is given, then it is agreed that the title shall remain in the seller until the payments have been made or the security given for the deferred payments. In other words, the title to the presses would pass to Tousey had he given the notes with security for their payment. Not having given security, the title remained in the seller until the payments were made, or until the security was given for those not made.

If we are correct in thus construing the contract, it becomes unnecessary to consider the exception taken to the admission of parol evidence as to what was said by the parties at the time the agreement was made, as it becomes unimportant.

It follows that the judgment should be affirmed, with costs. All.concur.

Judgment affirmed.